Winter *vs.* Garrard.

No. 34.—JOHN G. WINTER, plaintiff in error, *vs.* W. W. GAR-
RARD and others, defendants.

[1.] In this State a mortgage is considered as only a security for the debt of
the mortgagor; the mortgaged property, after the foreclosure of the mort-
gage, is directed to be sold, and after the payment of the mortgage debt, the
surplus proceeds of the sale, if any, are to be paid to the mortgagor.

[2.] The general rule is, that where mortgaged property is levied on by an ox-
ecution, issuing upon a general judgment against a mortgagor, and sold as
the property of the mortgagor, subject to the incumbrance of the mortgage,
the purchaser under such general judgment gets only the mortgagor's equity
of redemption in the property so mortgaged, and the proceeds of such sale
belong to the mortgagor, or his general judgment creditors.

[3.] Where a mortgagee had foreclosed his mortgage, and obtained an execu-
tion against the mortgaged property, which had been levied by the Sheriff;
and had also obtained a general judgment against the mortgagor for the
same debt; and the *fi. fa.* issuing therefrom had been levied on the same
property, and advertised for sale on the same day, and the whole *corpus* of
the property mortgaged was sold by the Sheriff under the general judg-
ment, subject to the mortgage lien, by the direction of the mortgagee, un-
der a *mistake*, that the equity of redemption of the mortgagor could not be
sold after the foreclosure of the mortgage : *Held*, that inasmuch as the
*whole corpus* of the property was sold, and sold for its *full value*; and the
same not being sufficient to extinguish the mortgage debt, that in the distri-
bution of the proceeds of the sale, according to the peculiar facts of the
case, the mortgagee, having the oldest lien, was *equitably* entitled to have
the money in the hands of the Sheriff applied thereto.

Rule against the Sheriff, and motion to distribute money, in
Muscogee Superior Court.   Decided by Judge ALEXANDER, May
Term, 1849.

For the facts of this case, see the judgment of the Court.

BENNING, for plaintiff in error.

JAMES JOHNSON, for defendants in error.

*By the Court.*—WARNER, J. delivering the opinion.

It appears from the transcript of the record in this case, that
John G. Winter had two executions in his favor against Richard
Hooper, founded on the same debt—the one being a mortgage *fi.*

*fa.* and the other having issued on a general judgment. Both *fi. fas.* were levied on certain real estate in the City of Columbus, described in the mortgage, and which was duly advertised for sale. On the day of sale, the property, by direction of Winter, was sold under the general judgment *fi. fa.* subject to the lien of the mortgage, and was purchased by Winter, for the sum of $1,068 70. At the time of the sale there was in the hands of the Sheriff a *fi. fa.* in favor of Garrard & Urquhart, founded on a judgment of older date than Winter's general judgment, but younger than the lien of the mortgage. The money being in the hands of the Sheriff, Winter moved a rule against him to show cause why the same should not be paid over to his mortgage *fi. fa.* By the order of the Court, Garrard & Urquhart were made parties to the proceedings. The Sheriff, in his return, stated in substance the facts before recited. Winter, the party moving the rule against the Sheriff, alleges, among other things, that the mortgage was of *older* date than Garrard & Urquhart's judgment, and for an amount greatly more than the value of the property; that the value of the property sold was not more than the amount of his bid, to wit: $1,068 70; that the *whole* interest in said property was sold, and such whole interest was not sufficient to pay it, the mortgage being for more than $6,000, and that he, Winter, was *mistaken* in supposing that any other than the whole interest in the property could be sold when he bid off the property.

The facts, as the same appear on the face of the record, do not appear to have been controverted, but the motion to pay over the money to Garrard & Urquhart's *fi. fa.* appears to have been made in the Court below upon *the facts as stated*, inasmuch as no issue was taken or tendered thereto. The Court below ordered the money to be paid over to Garrard & Urquhart's *fi. fa.* Whereupon Winter excepted.

[1.] In this State, as we have already held, a mortgage is only a security for the payment of the debt of the mortgagor.

[2.] The general rule in this State, undoubtedly is, that when mortgaged property is levied on by an execution, issuing upon a general judgment against the mortgagor, and sold subject to the incumbrance of the mortgage, that the purchaser gets only the mortgagor's equity of redemption, and the proceeds of such sale belong to the mortgagor or his creditors. The foreclosure of a mortgage, under the Statute of this State, does not vest an abso-

lute estate in the mortgagee; it only authorizes a sale of the property, and directs the surplus, after discharging the debt, to be paid to the mortgagor or his agent. *Prince*, 424.

If the record in this case had disclosed nothing more than that the property had been levied on and sold under the general judgment against the mortgagor, subject to the incumbrance of Winter's mortgage, the purchaser at such sale would be understood to have purchased the mortgagor's equity of redemption only, and the proceeds of such sale would have belonged to Garrard & Urquhart, the judgment creditors of the mortgagor.

[3.] But it appears the whole *corpus* of the property was sold, and sold for its *full value*, and bid off by the mortgagee, under a *mistake* that the equity of redemption of the mortgagor could not be sold after the foreclosure of the mortgage, and that as both his mortgage *fi. fa.* and his general judgment *fi. fa.* were for the same debt, and both levied on the property, it made no difference under which it was sold, and that the proceeds of the sale would be credited on the mortgage, it being the oldest lien upon the property.

The *entire corpus* of the property was sold, and sold for its *full value*, according to the record, and purchased by the mortgagee, leaving a *large balance due on the mortgage.* The mortgage was foreclosed and the *fi. fa.* in the hands of the Sheriff at the time of the sale, and, being the oldest lien, was *equitably* entitled, under the peculiar facts of this case, to claim the money for which the *entire estate* was sold.

Let the judgment of the Court below be reversed.