No. 8.—JOHN D. ADKINS and others, plaintiffs in error, *vs.* NA-
THAN BAKER and another, defendants.

[1.] Judgment creditors, claiming a participation in a common fund, have such
an interest in the order of the Circuit Court, for its distribution, as to enti-
tle them to carry up the same by writ of error.

[2.] Under the Act of 1841, giving to certain persons a lien on steamboats
and other water-craft, navigating certain rivers: *Held*, that an affidavit stat-
ing the names of the owners of the boat, and that demand was made of
" *said owners*," is sufficient.

[3.] If it appears from the proceedings, that the indebtedness accrued
within twelve months previous to the affidavit, it is unnecessary to be al-
leged, specifically, in the affidavit, or to appear on the face of the bill of par-
ticulars.

Motion to distribute money, in Decatur Superior Court. De-
cided by Judge WARREN, June Term, 1849.

Under the Act of 1841, giving to " certain persons therein
named, a lien upon steamboats and other water-craft, for provi-
sions and wood, and services rendered on board any steamboat or
other water-craft, engaged in the navigation of certain rivers there-
in named,* Nathan Baker filed his petition, and the following affi-
davit :

" GEORGIA, DECATUR COUNTY :

" Personally came before me, William S. Bine, a Justice of
the Inferior Court of said County, Nathan Baker, who, after be-

---

*The following is a proviso to the first section of the Act referred to :

" *Provided*, he, she or they shall demand and prosecute the collection of the
same, as hereinafter to be provided for, at any time within twelve months af-
ter the same shall become due and payable."

The second section provides—

" Whenever any captain, pilot, engineer, first or second mate, fireman, deck-
hand, or any other person employed on any steamboat, or other water-craft,
navigating or running on the Chattahoochee river, shall have any claim or de-
mand against the owner or owners of said steamboat or water-craft, for services
rendered on board the same, and shall be desirous of collecting the same, upon
the said debt becoming due, and refusal to pay the same upon demand made,
he, she or they may, upon application to any Judge of the Superior Court, or
Justice of the Inferior Court, in any County in which said steamboat or water-
craft may then lie, upon the same arriving at the landing, port or place of des-
tination to which the same has been freighted, make affidavit before him of
the amount due him, her or them, for any labor or services by him, her or
them, done and performed on board said steamboat or other water-craft, and
specify the name thereof, whereupon the said Judge or Justice of the Inferior
Court shall grant an order," &c.

For the remainder of this Statute, see 5 *Georgia Reports*, 197, '8.—[Rep.]

Adkins and others *vs.* Baker and another.

ing duly sworn, deposeth and saith, that the steamboat Albany, a steamboat navigating Flint River, and the owners of said steamboat, Benjamin Griffin, David Vason, Henry Lockhart and William H. Young, partners using the name, firm and style of Lockhart & Young, are indebted to defendant in the sum of one hundred and two dollars and fifty-eight cents, for provisions furnished to said steamboat, on and before the 6th January, 1848; thathe has demanded payment of the same from the owners of said boat within twelve months after the same became due and payable, and that they have refused to pay the same; and that the said steamboat is now lying at Bainbridge, in said County—the same being the landing, port or place of destination to which said boat is freighted.                              NATHAN BAKER.

" Sworn to and subscribed before me, this 29th April, 1848.
                              WM. S. BINE, Jr. J. I. C."

Felix G. Arnett, another creditor of the same company, made a similar affidavit.  The bill of particulars attached to his petition was without date, but the petition and affidavit showed that the claim was within the time specified by the Statute.

Execution issued in favor of each of these creditors, and under these, the boat was sold by the Sheriff of Decatur County.  At the June Term, 1849, on a motion by Baker and Arnett, to compel the Sheriff to pay over the money to their executions, counsel for other creditors, holding younger liens, moved to quash these *fi. fas.* on the following grounds :

1st. That the pleadings no where show that a *personal* demand was made for payment by the said Baker and Arnett, or their agents, of the owner or owners of the said steamboat Albany, and no name is set forth in the demand alleged to have been made.

2d. That in the case of Felix G. Arnett, the bill of particulars appended to the petition, and referred to by it, is without date as to month or year.

The Court overruled the motion, and counsel for the movants excepted.

In this Court, counsel for defendant in error moved to dismiss the writ of error, on the ground that the plaintiffs in error were strangers to the proceeding, and had no such interest as entitled them to sue out the writ of error.

The preliminary motion and the error assigned were argued together, and the decision of both delivered at the same time.

H. MORGAN, for plaintiff in error.

SNEED, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

A preliminary motion is submitted by counsel for the defendant, to dismiss the writ of error, on the ground that the plaintiffs are strangers to the proceeding, and have no such interest in the judgment rendered in the Court below, as entitles them to interfere.

[1.] We think otherwise. They were judgment creditors, claiming the fund, which has been distributed by order of the Court, and if the money has been misapplied, and their rights prejudiced, they have a right to be heard.

Counsel for the other creditors moved to quash the executions in favor of Baker and Arnett—

1st. Because the pleadings no where show that a personal demand was made for payment by the said Baker and Arnett, or their agents, of the owner or owners of the said steamboat Albany, and no name is set forth in the demand alleged to have been made.

2d. Because in the case of Felix G. Arnett, the bill of particulars appended to the petition, and referred to by it, is without date as to month or year.

The Court overruled the application, and the decision is excepted to.

[2.] 1. This ground is founded in a mistake as to the facts. The affidavits state, that Benjamin Griffin, David Vason, Henry Lockhart and William H. Young, are the owners of the steamboat Albany, against which this proceeding was instituted, and that payment was demanded of *said owners.* By referring to *Butts and others vs. Cuthbertson,* (6 *Ga. Rep.* 59,) upon the authority of which this case seems to have been brought up, it will be discovered, that the names of the owners are altogether omitted, and that the objection taken in the Superior Court, and sustained

by this Court, was, " that neither the affidavit nor the process shows the names of the owners of the boat, nor any of them."

[3.] 2. It is insisted, that inasmuch as the Statute requires that the claim should be presented within twelve months after the time when it falls due, that this proceeding is defective, the bill of particulars being *without date*.   But this uncertainty is supplied by the affidavit.   The claimant swears, that the indebtedness accrued " *at and before*" a certain time therein set forth, by comparing which with the date of the affidavit, it is ascertained that the application is within twelve months from the date of the indebtedness.

It remains but to add, that upon both grounds the judgment is affirmed.