FIELD *et al. vs.* ARMSTRONG *et al.* ,

1. Where on a money rule there were a number of contestants for the fund, and one of them moved to have a portion of it applied to his *fi. fa.*, it was no ground of objection to his proceeding that a third contestant, who had filed no issue to the movant's claim, had died and his estate was not represented before the court.

2. Where various claimants of a fund in the hands of the sheriff have filed their liens with him and have been brought before the court

by the answer of the sheriff to a money rule, asking that they be required to litigate among themselves, they are parties to any litigation springing out of the distribution of the fund, and must take notice of all that transpires in the cause thereafter, and whenever their interests may be affected, they are bound, whether they take part or not. Therefore a judgment rendered on an issue joined between two of the contestants is admissible on a trial with others, although the latter took no part in the former trial.

(*a*.) So also an agreement made between counsel in the common contest that they would be bound by the trial of a certain issue, and filed as a part of the record, though not signed by counsel for one of the claimants, is presumptively notice to all the contestants, and admissible in the trial of the last named claimant's rights.

3. Under the facts of this case, there was no abuse of discretion in allowing interest on the claim of defendant in error.

4. There was no error in the judgment of the court passing upon the law and facts of this case.

December 5, 1882.

Money Rule. Evidence. Parties. Practice in Superior Court. Before Judge UNDERWOOD. Gordon Superior Court. August Adjourned Term, 1881.

In 1875 Willingham, who was plaintiff in a *fi. fa.* against J. M. Field, ruled the sheriff and called upon him to show why the *fi. fa.* should not be paid. The sheriff answered, admitting that he had sold the lands of the defendant, and that there was for distribution $16,754.54. He also stated that Lewis Tumlin and E. E. Field bid in the property, but had paid no money, claiming that they had the oldest liens and were entitled to the fund. They were permitted by the sheriff to retain the fund until the case should be decided.

The *fi. fas.* and mortgages held by these parties and by numerous creditors of the common defendant, which had been lodged in the hands of the sheriff, were returned into court, and the answer prayed that the claimants be required to interplead as to the fund. The claims of Tumlin and Field amounted to more than the amount bid for the property.

v 69—12

Willingham tendered an issue alleging that the large *fi. fa.* of Tumlin had been paid off, that the mortgages of E. E. Field were paid, and that said mortgages had been satisfied under a decree in Bartow superior court. Armstrong, the holder of a *fi. fa.*, tendered similar issues against the said *fi. fa.* and mortgages. Issues were joined on all these cases.

The case of Willingham against Tumlin was tried first, and a judgment rendered May 9th, 1876, finding that the Tumlin *fi. fa.* had been paid off, and that Tumlin should receive no part of the fund until the Willingham claim was fully paid. The issue of Willingham against E. E. Field was next tried, and found in favor of Willingham, and a judgment was rendered postponing the payment of the mortgages held by Field until the claim of Willingham was satisfied. Both of these cases were brought to the Supreme Court and affirmed. (See 59 *Ga.*, 858; 65 *Id.*, 440.)

When the case was called for trial, issues having been filed by E. E. Field and J. M. Field against Willingham, on motion of E. E. Field, the case as to Willingham was continued.

Counsel for Armstrong, another claimant of the fund, moved to proceed with his case. E. E. Field objected on the ground, among others, that Tumlin, another contestant, in his lifetime controlled the oldest *fi. fa.* against defendant; that Tumlin had died pending this litigation, and his administrator had been made a party; that lately said administrator had been removed from his trust and enjoined from meddling with the estate, and a receiver had been appointed to take charge thereof. Counsel for E. E. Field stated that they did not represent the administrator or receiver, but they insisted that the entire case should be continued on this account. The court inquired of counsel whether any issue had been made on Armstrong's *fi. fa.*, and if they knew of any reason why that claim was not a valid, subsisting *fi. fa.* Counsel respond-

ed in the negative, and thereupon the motion to continue was overruled.

It was admitted that Armstrong had a valid *fi. fa.* based on a judgment rendered April 8th, 1867, for the sum of $229.84 principal; that Willingham had a *fi. fa.* based on a judgment rendered July 9th, 1867; that E. E. Field and the estate of Tumlin held, by assignment, *fi. fas.* based on judgments rendered April 7th, 1862; that E. E. Field held a mortgage on the land sold, dated February 2d, 1867, and that he held, by assignment, a mortgage dated February 8th, 1867.

Counsel for Armstrong tendered in evidence the record of the issue, verdict and judgment between Willingham and E. E. Field, showing that the payment of Field's mortgages was postponed to the payment of Willingham's claim; also the record of the issue and judgment between Willingham and Tumlin, determining that Tumlin's claim should be postponed to that of Willingham. Both of these were objected to, on the ground that Armstrong was no party to those proceedings. The objection was overruled, and the records were admitted.

Counsel for Armstrong tendered in evidence the following paper, which was signed by various claimants of the fund, but not by Tumlin or E. E. Field:

"Field and Gray, adm'r Tumlin, *vs.* Willingham & Armstrong *et al.* } Bill in Whitfield Superior Court for injunction.

Willingham *vs.* Roff, sheriff, E. E. Field and administrator, etc. } Rule *vs.* sheriff to distribute money, and issue formed by Willingham and others *vs.* Field mortgage, Summerour *fi. fa.* and *fi. fa.* belonging to Tumlin's estate called the Chisolm *fi. fa.*

We, the undersigned respondents in bill representing plaintiffs in *fi. fa.* lodged in sheriff's hands and mentioned in his answer to rule, do hereby acknowledge notice of the issues pending in said court, to-wit: Armstrong *vs.* Chisolm *fi. fa.*; Armstrong *vs.* Summerour *fi. fa.*, the first the property of said Gray and E. E. Field; Willingham *vs.* Summerour *fi. fa.*; also the issues of Willingham *vs.* the Field mortgages; and we agree to take notice of any other issues and to be bound by

the decision of such of the issues already or to be made, whether we are formally made parties or not, it being the object of this agreement to make the decision of one issue decisive of the rights of all parties claiming the fund, and to prevent multiplicity of suits and issues, and to bring us within the rule and decision of the Supreme Court in the case of *Foster vs. Rutherford*, 20 *Ga.*, 668. September 10th, 1878."

Upon this agreement, the following order was passed: " Ordered, in open court, in the presence of the parties above named, that the above agreement be entered on the ·minutes and be filed with the papers in this case."

Objection was made to the introduction of these papers, because neither Field nor Tumlin were parties thereto. The objection was overruled, and the papers were admitted.

The judge, in passing upon the case, rendered a judgment that Armstrong was entitled to have his *fi. fa.* paid, but that as the answer of the sheriff showed that the money had not actually been paid, no rule absolute was rendered against him ; but Armstrong was left to his legal remedies to collect the amount due him.

Field excepted, and assigned error on each of the above rulings. Neal, receiver of the Tumlin estate, joined with Field in the bill of exceptions.

R. J. McCAMY; C. D. McCUTCHEN; GRAHAM & FOUTE, for plaintiffs in error.

W. K. MOORE, for defendants.

SPEER, Justice.

Joseph Willingham, a judgment creditor, brought his rule in Gordon superior court at the February term, 1875, against Roff, sheriff, to answer as to the amount of a fund in his hands arising from the sale of certain lands of James M. Field, and to show cause why out of said fund there should not be paid to movant the amount due him on a certain *fi. fa.* which he controlled as assignee *vs.* James M. Field. To this rule the sheriff answered, " admitting

he had sold said lands, and after paying all expenses there was a balance of said sale of $16,764.50 left for distribution, when the same was paid in. That there were placed in his hands certain *fi. fas.* claiming said funds, and he prayed these contesting claimants might litigate with each other as to their priorities, etc., and that the court should direct how said fund should be distributed.". Elias Field, one of the claimants, moved to continue said case as far as the claim of Willingham was concerned, to which claim he, E. E. Field, and also the defendant in *fi. fa.*, James M. Field, had filed an issue, which continuance was allowed. Counsel for Armstrong, a judgment creditor and claimant, also then moved to proceed with his claim against said fund. To this E. E. Field objected for the reasons shown by the continuance of the Willingham claim, and for the additional reason that Lewis Tumlin, in his life, was one of the claimants on said fund. That Tumlin had died pending the litigation, and his administrator, Gray, had been made a party. That lately Gray had been removed and enjoined from meddling with said estate. A receiver on said estate had been appointed, and counsel did not represent said receiver. On inquiry by the court, it was stated that no issue had been made on the *fi. fa.* of Armstrong, and they knew of no reason why it was not a valid and subsisting lien; on this response, the court overruled the motion to continue the Armstrong case, and plaintiff in error excepted. It was then agreed to submit both the law and facts to the Hon. J. W. H. Underwood, presiding, with right to either party to except.

In the trial had, the court, passing both upon the law and facts, awarded that there should be paid out of said fund arising from the sale of the lands, the amount of the *fi. fa.* of Armstrong *vs.* Field, principal with interest to that date.

Upon this finding and judgment of the court, plaintiff in error made his motion for a new trial, on various grounds which were overruled, and plaintiff excepted. The grounds of the motion were :

(1.) That the court erred in refusing to continue said case on the motion made.

(2.) That the court erred in admitting in evidence over objection the proceedings and record thereof of an issue made up between Willingham and Lewis Tumlin and the judgment of the court rendered thereon, which proceedings and judgment arose out of a claim and issue to distribute the same fund.

(3.) That the court erred in admitting in evidence similar proceedings and record thereof and judgment thereon on an issue between Willingham and E. E. Field involving the distribution of said fund.

(4.) Further, that the court erred in admitting in evidence a certain agreement in writing, signed by various counsel representing creditors and claimants of said fund touching the distribution of said fund, which agreement was of record and filed with the papers on both of the the issues above referred to.

(5.) There was error also assigned as to the finding by the court of a judgment in favor of Armstrong, under the law of facts.

Certain questions arising upon issues to distribute this fund have been twice before this court, and are reported in 59 *Ga.*, 858 ; 65 *Ga.*, 444.

It is true, the amount in controversy is large, the creditors numerous, and the contest accordingly is keen and vigorous to share the wreck of what once was a good estate. Nearly eight years has this rule to distribute this fund been pending in the court below, and it is full time some results were reached looking to its division among these creditors. Death has begun its inroad among these litigants ; and under the policy insisted upon by plaintiff in error on his motion to continue, if recognized and approved by this court, it will be many years before the end is reached. In the meantime, what mutations may attend the security and safety of this fund no human wisdom can foresee.

1. In this case, when Armstrong moved to have a por-

tion of this fund-applied to his *fi. fa.*, E. E. Field objected, because Tumlin's estate, another claimant, was not represented before the court. How did this concern him? He was a claimant on his own liens, and not on Tumlin's. The question Armstrong makes is with him, not with Tumlin. If he can claim at all against Armstrong, it is under his own liens and none other. It was conceded that Armstrong's *fi. fa.* was valid and subsisting; he presented it for payment; Field objected. Why? It could only be because he had superior or prior liens; and this issue could be determined as well in Tumlin's absence as though he were present. Tumlin had filed no issue against Armstrong's lien, and none was threatened. Why then await for this, when the opportunity of filing such issue by Tumlin and his administrator had been offered during the long years this litigation has been pending? We see no error in the court refusing to continue this issue upon the grounds taken.

2. Was there error in the admission in evidence of the record of the issue and judgment thereon theretofore had in the case of Willingham *vs.* Tumlin, because the movant, Armstrong, was not a party to said judgment? The question presented is, in a case where all the judgment creditors are in court claiming a fund by lodging their liens with the sheriff, how far they are parties, and whether judgments rendered between certain of those claimants who tender and join issue are admissible for others who are not technically parties to such issue.

In the case of *Foster vs. Rutherford*, 20 *Ga.*, 670, Judge Lumpkin says: "The better practice in all such cases, and the one we propose to establish, is this: The rule against the sheriff at the instance of any creditor makes the case. Let all other parties at interest who have a claim upon the fund be notified in writing by the sheriff or by the pro-movant of the pendency of the rule if taken, or let the creditor give like notice of his intention to apply, if it be not done; and thus all persons in interest thus notified may or may not, at their option, come in;

whether they do or not, they will in such case be bound by the judgment." Here all the creditors of Field had come in and filed their liens with the sheriff, and he so reported to the court. They were thus of their own act and answer of the sheriff made parties to any litigation springing from the distribution of said fund, and they must take notice of all that transpires in the cause thereafter, and whenever their interest may be affected they are bound, whether they actually take part or not. They have a right to be heard, to cross-examine witnesses and to introduce evidence. Why then should not a judgment rendered on an issue tendered by one of these litigants at least be *prima facie* against all the claimants of the fund? And in this record of the judgment between Willingham *vs.* Tumlin, in which it was determined Tumlin's lien, for causes affecting it, was to be postponed to Willingham's, which was the junior, the same reasons for this postponment would operate in favor of the judgment of Armstrong, for Armstrong's lien is admitted to be valid and legal and of older date than Willingham's. Surely if Willingham's judgment of younger date has priority over Tumlin's, for causes affecting the lien of the latter, much more would Armstrong's have priority, it being a prior lien to Willingham's. Tumlin had his hearing in full as against Willingham, and we see no reason, either in logic or law, why he is not bound by the judgment and the legal results thereof.

So we also reason as to the record admitted in the case of the issue tendered by Willingham against the mortgages on the property owned and controlled by E. E. Field and of judgment thereon. All these creditors had notice presumptively, and declared by their written agreement they would be bound by the verdict, and this was made a part of the record in said case, and the agreement was directed to be filed with the papers. The cases under which this agreement was made were in the caption recited in the record as the case of Field and Gray, ad-

ministrator, *vs.* Willingham and Armstrong, and the case of Willingham *vs.* Roff, sheriff, and E. E. Field.   Here we find a written agreement, not, it is true, signed by E. E. Field, but taken in a case to which he was a party and made a part of the record thereof.   Is he not presumed to have acquiesced therein and consented thereto, and does such an agreement not bind him as well as those who signed the same?   That it was taken in a case in which he was a party certainly affects him with notice and of presumptive assent thereto.

In *Atkins vs. Baker*, 7 *Ga.*, 56, it was held, " Judgment creditors claiming a participation in a common fund have such an interest in the order of the circuit court for its distribution as entitles them to carry up the same by writ of error.

A judge sitting to distribute a fund sits as a chancellor, and distributes in equity.   37 *Ga.*, 604; 24 *Id.*, 146; 15 *Id.*, 557; 8 *Id.*, 174; 7 *Id.*, 52.   In 8 *Ga.*, 358, Judge Lumpkin says as to the admissibility of a judgment *res inter alios acta*, " Judgments and decrees are not only evidence of the fact of their rendition, but of all the legal consequences resulting from that fact, whosoever may be parties to the suit in which it is offered as evidence.

3. As to the exception taken in argument here, but not appearing as a ground of error in the record, "that the court erred in allowing to the defendant in error interest on his judgment up to the date of the trial then had, we can only say the allowance of interest was a matter in the discretion of the court under the facts of this case.   Here this property was bought by the plaintiff in error and Lewis Tumlin in 1875, and for nearly eight years they have enjoyed it, and have never paid into the hands of the sheriff the purchase money thereof.   They have been active parties to this long litigation claiming to have preferred liens, which have thus far been adjudged against them.   No rule has been allowed against the sheriff as he has none of the funds in hand, but they still are in the hands of the purchasers.   If the chancellor decided in

view of these facts, and in view of the further fact that the defendant in error will probably have to institute further proceedings to secure payment from this fund, we cannot say he abused his discretion in allowing interest on the *fi. fa.* claiming.    1 *Kelly*, 38.

In reviewing this whole record, we may well conclude, in the language of the able judge who pronounced upon one branch of it when before this court, and reported in 39 *Ga.*, 858, " In this case, though it involved law and fact, the court acted as judge and jury, and the law and facts are thus blended in one mass before us, and both as to law and facts we must give him the benefit of every presumption on both branches of the case, and in so doing we cannot pronounce with due legal certainty that he erred."

Judgment affirmed.