## SOULE, THOMAS & WENTWORTH vs. SHOTWELL & FITTS.

1. PURCHASER FOR VALUE : *Extinguishment of antecedent debt.*
   It is well settled that the absolute extinguishment of an antecedent debt, in consideration of a simultaneous transfer of property, constitutes the vendee a purchaser for value to the same extent as if he had paid the money.

2. *Case in judgment.*
   L. bought law books from S., T. & W., and executed a mortgage thereon for the purchase money. He moved away, and his mother, assuming to act as his agent, sold the books, in extinguishment of a debt due by herself and son to the purchaser. The mortgage for purchase money to S., T. & W. was never recorded. Two questions were presented to the jury: one as to notice by the purchaser of the unrecorded mortgage, and the other as to the agency of the mother. *Held,* that, as the testimony was conflicting on the question of notice, the verdict of the jury would not be disturbed, but that the testimony wholly fails to establish the agency of the mother, or any authority in her to sell the property in controversy.

ERROR to the Circuit Court of *Colfax* County.

Hon. J. A. ORR, Judge.

The facts necessary to a full understanding of the case are stated in the opinion of the court, and also the substance of the instructions involving the principles announced.

Errors are assigned as follows :

1. The court erred in refusing to grant a new trial.

2. In refusing the 6th instruction asked on behalf of the plaintiffs.

3. In the instructions to the jury on behalf of the defendants.

*Barry & Brame*, for plaintiffs in errors:

It was error to charge the jury that a trust deed or mortgage, except as between the grantor and grantee, constitutes a lien upon the property only from the time of its delivery for record. This ignores the question of notice, and that of good faith in the purchaser. Dixon & Starkey *v.* Lacoste, 1 S. &. M., 71; Henderson *v.* Downing, 24 Miss., 106; Cohen *v.* Carroll, 5 S. & M., 545; Perkins *v.* Swanks, 43 Miss., 349; Code, 1871, §§ 2305, 2893, 2894. It is improper to give contradictory charges. 40 Miss., 45. It leaves the jury without a safe guide. 40 Miss., 374; 41 ib., 584; 13 S. & M., 39. Taking property in payment of a preëxisting debt does not make the buyer a purchaser for valuable consideration, in the eye of the law, as against one holding a prior equity. Rowan & Harris *v.* Adams, S. & M., 45. A contrary doctrine seems to have been held in Love *v.* Taylor, 26 Miss., 567, but the language of the court must be construed with reference to the facts in the case. 36 Miss., 143; 39 ib., 60. See Pope *v.* Pope, 40 ib., 516; 4 Paige, 215; 3 Strong, 390.

*Thos. E. Buggs*, for defendants in error:

Filed an argument at length on the facts of the case. The mortgage was not delivered for record until the 3d of December, 1873. Defendants purchased the books in October previous, without notice. See Code, 1871, § 2306. As to the 3d instruction, see Code, 1871, § 2306, *supra*. As to defendants' 1st and 2d instructions, see 1 Parsons' Con., (5th ed.), 590; Smith *v.* Moon, 11 N. H., 55; 2 Green (N. J.), 8; 1 S. & M., 70; Pickett *v.* Banks, 11 S. & M., 445. The 4th instruction asked by the defendants was correct, because the title of personal property passes by delivery, and is perfect in the hands of the possessor unless there be notice of the incumbrance, etc.

CHALMERS, J., delivered the opinion of the court.

The law books in controversy had been mortgaged to plaintiffs, Soule, Thomas & Wentworth, by the owner, Love, for the purchase money due thereon, but the mortgage was not recorded.

After Love's departure from the state, his mother, assuming to act as his agent, sold them to defendants, Shotwell & Fitts, in extinguishment of a debt due by herself and son, and a small amount additional, which was to be paid in cord-wood. The two questions of fact presented to the jury were, whether the mother was the agent of the son, and whether the purchaser had notice of the unrecorded mortgage.

Upon the question of notice, as to which the testimony was conflicting, we must accept the verdict of the jury as settling it in the negative. But upon the question of agency the verdict seems unsupported by any testimony. Love swore most positively that he had never authorized his mother to sell the books, but, on the contrary, had directed them to be sent to him, in order that he might return them to plaintiffs, who were the original vendors.

There was no testimony contradictory of this. Defendants made an affidavit for a continuance on account of the absence of Love's mother, by whom they averred that they could prove both the agency and subsequent ratification, but what action was had upon this application does not appear by the record, nor does it anywhere appear that it was admitted by plaintiffs that the absent witness would so testify if present.

The agency, negatived by Love himself, is left without any testimony to support it, and, its establishment being essential to defendants' case, the verdict seems manifestly wrong.

There was no error in the charges. Two of those granted for defendants are complained of as omitting to inform the jury that defendants were bound by the unregistered mortgage, if they had actual knowledge of its existence. This defect is abundantly supplied in several of those given, both for the plaintiffs and for the defendants. It is impossible that any prejudice could have been wrought by it.

The jury were instructed, at the instance of defendants, that the payment and extinguishment of an antecedent debt constituted the purchaser of property a *bona fide* purchaser for value.

An instruction asked by plaintiffs, announcing a different doctrine, was refused, and it is strenuously argued that these rulings were erroneous.

We had supposed that it was settled, by several adjudications of this court, that absolute extinguishment of an antecedent debt, in consideration of a simultaneous transfer of property, constituted the vendor a purchaser for value to the same extent as if he had paid the money.

If any doubt has heretofore existed on the subject, we now declare this to be the law of this state. Love *v.* Taylor, 26 Miss., 567; Perkins *v.* Swank, 43 ib., 349.

For the errors indicated above the case is reversed and new trial awarded.