## WALKER *v.* MADDOX.

1. The judgment of a trial court will not be reversed because of alleged error in admitting in evidence an affidavit objected to as a whole and containing some matter which was undoubtedly admissible, although a portion of its contents, on specific objection thereto, should have been excluded.

105  253
109  424
105  253
f112 447
105  253
117  739

2. The assignee of a bond for title acquires all the rights and equities to which the assignor was entitled thereunder.

3. When the evidence submitted at an interlocutory hearing upon an equitable petition warranted the granting of an injunction restraining the defendant from assigning to any person other than the plaintiff a bond for title held by the former and which she had contracted to assign to the latter, there was no error in also enjoining the defendant from the further prosecution of an application for a homestead in the land described in such bond until the respective rights of the parties with reference thereto could be ascertained and fixed by a final judgment in the equitable proceeding.

Argued June 24, — Decided July 26, 1898.

Injunction. Before Judge Lumpkin. Fulton county. April 23, 1898.

*R. O. Lovett,* for plaintiff in error.
*Maddox & Terrell,* contra.

LUMPKIN, P. J. An action was brought in the superior court of Fulton county by J. J. & J. E. Maddox against Mrs. Walker, in which they claimed the right to recover $1,073.90. On January 5, 1898, while the trial of the case was in progress, a compromise was reached, and under its terms the plaintiffs took a consent verdict for $700. On the next day, the agreement which had resulted in the compromise verdict was reduced to writing and signed by counsel for the respective parties. By its terms, J. J. & J. E. Maddox not only reduced the amount of their claim, as indicated, but also relinquished certain valuable rights. In this agreement it was stipulated that Mrs. Walker was to transfer to them, as security for the payment of the judgment entered upon the verdict in their favor, a bond for title held by her to certain real estate. Subsequently they demanded from Mrs. Walker an assignment of this bond. She refused to comply with their demand, giving as a reason for so doing that the consent verdict was not binding upon her, and that she had not authorized her counsel to sign the agreement with reference to the same. She also filed with the ordinary an application for a homestead in the land described in the bond for titles. Thereupon J. J. & J. E. Maddox brought an equitable petition in which, among other things, they prayed that she be enjoined from making any disposition of the bond for title otherwise than

by assigning the same to them, and also that she be enjoined from prosecuting her application for a homestead until the respective rights of the parties with reference to this bond could be ascertained and fixed by a final judgment upon their petition. The judge granted the injunction as prayed for, and Mrs. Walker excepted.

1. At the interlocutory hearing the plaintiffs tendered in evidence an affidavit made by James A. Anderson and A. H. Davis, who had been the attorneys of Mrs. Walker in the original suit. This affidavit was objected to as a whole, on the ground that "it was not competent for said attorneys to swear to the facts set out in said affidavit, said statement being as to communications had with their client." Complaint is made that the court erred in overruling this objection. We find, upon examination of this affidavit, that it contained much matter as to which the attorneys were undoubtedly competent to testify, and the admissibility of which could not be questioned under any rule of evidence. In other particulars, the affidavit may have contained matter as to which these attorneys were incompetent to testify; but be this as it may, the ruling of the trial judge permitting the affidavit to be read will not be disturbed. If the affidavit contained any objectionable matter, it was incumbent upon defendant's counsel to point it out and object to it specifically; and this they utterly failed to do. See *Harris & Mitchell* v. *Amoskeag Lumber Co.*, 97 *Ga.* 465.

2. The proposition stated in the second headnote is obviously true. If, therefore, Mrs. Walker had actually assigned to the defendants in error the bond for title in controversy, they would have acquired all the rights and equities to which she was entitled thereunder; and if she really entered into a valid and binding obligation to make to them such an assignment, they are entitled to an enforcement of the contract in order that they may secure all the rights they would thereby acquire.

3. An examination of the evidence submitted at the hearing fully satisfies us that the judge was right in granting the injunction restraining Mrs. Walker from assigning this bond for title to any person other than the plaintiffs. The effect of granting this injunction was simply to preserve the status until

the respective rights of the parties in regard thereto could be ascertained by the finding of a jury at the final hearing. We are also of the opinion that there was no error in enjoining Mrs. Walker from a further prosecution of her application for a homestead in the land described in the bond. It does not appear that she had any legal title to the land, or, indeed, any interest therein other than was secured to her by this bond; and if the title to it was equitably in the defendants in error, we are at a loss to perceive upon what theory Mrs. Walker could claim a right to take a homestead in the land, even if, under the law, she is a person entitled to an exemption of her property from levy and sale. Be this as it may, the litigation between herself and the plaintiffs is already sufficiently complicated. It could do no possible harm, and may go very far towards simplifying matters, to allow the homestead application to remain suspended until the present case can be tried and disposed of on its merits.

*Judgment affirmed. All the Justices concurring.*