### BURNEY TAILORING COMPANY *v.* CUZZORT.

LUMPKIN, J.    1.    Generally, in the absence of fraud, the assignee of a bond for title acquires all the rights and equities to which the assignor was entitled thereunder.    *Walker* v. *Maddox,* 105 *Ga.* 253 (31 S. E. 165).

2.    Where an owner of land made a conveyance of it to secure a loan, taking bond for reconveyance upon payment, and transferred the bond to another, in the absence of fraud, one who subsequently obtained judgment against the assignor of the bond, and who was not shown to have been a creditor when the transfer was made, did not have the right to subject the land after the payment of the secured debt by the transferee of the bond, the cancellation of the security deed, and the subsequent making of a quitclaim deed by the secured creditor to the transferee.    Civil Code, § 2774.

(*a*)    In *Huie* v. *Loud,* 38 *Ga.* 191, the judgment was against one who purchased land, took bond for title thereto, erected valuable improvements, and sold it to another who, in addition to paying him a sum of money, also paid the balance of the original purchase-money.    A deed was made by the original vendor to the debtor, and one by him to the purchaser

under him. The judgment was obtained prior to the sale by the holder of the bond for title to the third person.

3. All questions of fact as well as of law were submitted by consent to the presiding judge without the intervention of a jury; the question of bona fides, the cancellation of the security deed, the meaning of the entry of "satisfied and surrendered" on the bond for title, when it was made relatively to the cancellation of the deed, and who paid the secured debt, were for the judge, and legitimate inferences drawn by him were entitled to the same effect as though found by a jury. It can not be held, as matter of law, that he erred' in his finding.

*Judgment affirmed. All the Justices concur.*

Argued February 5,—Decided June 28, 1909.

Claim. Before Judge Wright. Floyd superior court. May 4, 1908.

*Henry Walker,* for plaintiff.

*Seaborn & Barry Wright,* contra.