## HARRIS, executor, et al. v. EVANS.

FISH, C. J.  1. The substance of a petition against Harris, as executor, and a named bank was as follows:  Harris, as executor, under the power given him in the will of his testator, sold and conveyed to named parties a certain described town lot, a part of the description set out in the deed being as follows:  "Together with perpetual right of way through a ten-foot alley between the lot herein conveyed and the Houston Guano and Warehouse Co. property, reaching from Macon Street to the Harris side-track."  When this conveyance was executed there was a ten-foot alley in use along and adjacent to the southern boundary of the lot, and Harris and his vendees understood this to be the location of the alley referred to in the deed,  The vendees of Harris, as executor, subsequently sold and conveyed, by warranty deed, the lot to plaintiff, the description of the property, including the alley, being the same as in the deed to them.  Since the plaintiff's purchase, Harris, as executor, has conveyed to the bank the land south of plaintiff's lot, which land belonged to the estate of Harris's testator at the time he conveyed to plaintiff's vendees, plaintiff's right to the alley as claimed by him not being recognized in such conveyance.  The conveyance to the bank was not bona fide, but collusive, and the bank took with full knowledge of plaintiff's right to the alley adjacent to his lot, the bank agreeing at the time that Harris, as executor, should retain the right to sell the land conveyed to the bank and share in the proceeds of the sale.  . Harris now contends that plaintiff has no right to an alley adjoining his lot, but that the alley should be farther south, leaving a strip between it and plaintiff's lot, and claims the right to sell the land adjoining plaintiff's lot on the south, and is endeavoring to sell the same without a recognition of plaintiff's right to the alley adjoining his lot; and should such sale be made to an innocent purchaser, plaintiff's right to the use of the alley would be impaired or lost and he would thereby sustain irreparable damages, as he intends to erect a two-story building on his lot and access to the same in the rear will be necessary, and damages for the lack of such access can not be computed.  The estate of Harris's testator is insolvent.  The prayers were, that Harris, as executor, and the bank be enjoined from selling the land immediately south of plaintiff's lot in any way that would affect his right to the alley as claimed by him, and for general relief.  Held, that the petition was not subject to demurrer on either of the following grounds:  (1) that no cause of action is set forth; (2) that petitioner has an adequate remedy at law; (3) that if the act sought to be enjoined were done, the damages would not be irreparable; (4) that no contractual relation between petitioner and defendants is alleged; (5) that it is not alleged that petitioner's vendees are insolvent.

2. The court did not err in refusing, upon the application of defendants against whom such petition was brought, to issue scire facias to make parties defendant certain persons to whom Harris as executor had, after he had sold and conveyed the lot to plaintiff's vendees, sold and conveyed certain other lots; and who he claimed were, under the deeds which he made to them, entitled to an easement in a ten-foot alley lo-

cated where he contended the alley in question should be, and therefore "necessarily interested in the exact location of said alley."

3. One who.takes from his debtor a security deed to land, for the purpose of securing a pre-existing debt, without any change in condition or present payment or other new consideration, does not rank as a purchaser within.the meaning of the rule of law which protects a bona fide purchaser without notice from an easement upon the land.

4. While the deed from Harris, as executor, to the bank, which appears in the record, was a deed to secure a pre-existing debt, yet each party introduced evidence which tended to show that after the execution of the deed .the bank purchased from Harris,· as executor, the land in settlement and discharge of the indebtedness, .thereby becoming an absolute purchaser and entitled to the protection of any other purchaser. In the light of this evidence, it was error for the court to charge that a creditor who purchased land in settlement of a pre-existing debt was not such a purchaser as would be entitled to protection under the rule of law to which reference has been made above. The surrender and satisfaction of an existing ·debt, if done bona fide, operates as a present consideration. Butters v. Haughwout, 42 Ill. 18 (89 Am. D. 401); Gasseq v. Hendrick, 74 Cal. 444 (16 Pac. 242); Soule v. Shotwell, 52 Miss. 236; Hanold v. Kays, 64 Mich. 439 (31 N. W. 420, 8 Am. St. R. 835); State Bank v. Frame, 112 Mo. 502 (20 S. W. 620); Feder v. Abrahams, 28 Mo. App. 454; Shufeldt v. Pease, 16 Wis. 659. See also, Bond v. Central Bank, 2 Ga. 92; Forbes v. Chisholm, 84 Ga. 641 (11 S. E. 554); Lee v. Johnson, 110 Ga. 286 '(34 S. E. 568); Harrell v. National Bank of Commerce, 128 Ga. 504 (57 S. E. 869).

5. The assignments of error not hereinbefore dealt with are not referred to in the brief of counsel for plaintiffs in error, and therefore are considered as abandoned.

6. The court erred in overruling the motion for a new trial on the ground of the erroneous charge above referred to.

                    Judgment reversed.  All the Justices concur.

                    FEBRUARY 26, 1910.

Equitable petition.    Before Judge Felton.    Houston superior court.    December 30, 1908.

A. C. Riley, for plaintiffs in error.    H. A. Mathews, contra.