*H. J. Fullbright,* contra.

### HUBERT *v.* MERCHANTS' BANK *et al.*

HOLDEN, J.   Olive, owning a piece of realty, made a deed to secure a debt to Mrs. Costa, under the provisions of the Civil Code (1910), § 3306 et seq., and received back a bond for title as provided for therein. This deed was duly recorded, and recited that the grantee had given the grantor a bond for title.   Thereafter Olive, who was indebted to the Merchants' Bank and had pledged to it certain stock in two corporations to secure the indebtedness, transferred to the bank the bond for title to secure such indebtedness, in consideration of which transfer the bank surrendered to him the stock.   The bond for title and the transfer thereof were never recorded.   Subsequently, under the provisions of the code above referred to, Olive executed a deed to the property to Mrs. Hubert, subject to the deed from Olive to Mrs. Costa, and without actual notice on the part of Mrs. Hubert of the transfer of the bond for title, which deed was duly recorded.   This deed was to secure a pre-existing debt due to Mrs. Hubert by Olive, and "there was no additional consideration therefor."   The property was sold, and from the proceeds thereof a certain sum (insufficient to pay the debt due either the bank or Mrs. Hubert) was placed in the hands of a receiver to await the determination of the court as to whether the bank or Mrs. Hubert was entitled thereto.   From a judgment of the court awarding the fund to the bank, Mrs. Hubert sued out a writ of error to this court.   *Held,* that Mrs. Hubert having taken from Olive a security deed to the latter's equity in the land for the purpose of securing a pre-existing indebtedness, and on no other consideration, she does not rank as a purchaser within the meaning of the rule of law which protects a bona fide purchaser without notice from the rights of the assignee of a bond for title covering the same property, who had previously acquired a transfer of the bond for title from Olive upon a present consideration to secure a pre-existing debt. *Harris* v. *Evans,* 134 *Ga.* 161 (67 S. E. 880); *Dinkler* v. *Potts,* 90 *Ga.* 103 (15 S. E. 690); *Matthews* v. *Kennedy,* 113 *Ga.* 378 (38 S. E. 854).

(*a*)   The rights of the bank in the fund arising from the sale of the property are superior to those of Mrs. Hubert, though the assignment of the bond for title to the bank was not recorded, and the deed to Mrs. Hubert was recorded.   This is true, conceding that the law authorizes the record of an assignment of a bond for title, and that the law with reference to the record of deeds and liens and the effect of a failure to

make such record applies to such assignments.  See *Deen* v. *Williams*, 128 *Ga.* 265 (57 S. E. 427).

> *Judgment affirmed.  Beck, J., absent.  The other Justices concur.*
> OCTOBER 28, 1911.

Award of money.  Before Judge Hammond.  Richmond superior court.  January 21, 1911.

*E. H. Callaway,* for plaintiff in error.

*W. H. Barrett, J. C. C. Black; G. R. Coffin, P. C. O'Gorman,* and *W. K. Miller,* contra.