## MIZE *v.* BANK OF WHIGHAM.

1. In a statutory partition proceeding it was erroneous, at the first term, after argument upon a demurrer to the defendant's answer and after the judge had announced his determination to sustain the demurrer to certain paragraphs of the answer, but before any order to that effect was taken, to disallow an appropriate amendment to the answer on the

ground that it was not attended by an affidavit in accordance with the provisions of the Civil Code, § 5640.

2. The answer as so amended would have set up a valid defense to the petition for partition.

3. The allegations of the answer, relied upon as charging notice to the plaintiff of the defendant's equities, were insufficient.

AUGUST 15, 1912.

Action for partition. Before Judge Frank Park. Decatur superior court. May 10, 1911.

The Bank of Whigham, a corporation, instituted proceedings against F. A. Mize individually, and G. W. White as custodian in bankruptcy of Oliver & Mize (a firm of which F. A. Mize was a member), for the partition of certain described land. It was alleged that F. A. Mize and petitioner were tenants in common of the land, as evidenced by deeds from F. A. Mize to A. D. Oliver and from A. D. Oliver to plaintiff. White, as trustee in bankruptcy of the firm of Oliver & Mize, was custodian of the interest in the land belonging to Mize, and owing to the peculiar character of the land it was incapable of division in kind. The prayer was for partition, and to that end that a sale of the property be had and the proceeds divided. Mize answered, denying that plaintiff was a cotenant and as such entitled to the relief prayed, and by paragraphs setting up the following:

"3rd. The defendant admits that he made and executed a deed to A. D. Oliver, to the property in controversy, and that A. D. Oliver made and executed a deed to the same property to the Bank of Whigham, the plaintiff in this case; and this defendant says that the deed into the said Oliver is void and does not convey title to him, and further that the deed from Oliver to the Bank of Whigham is void and does not convey title into the said Bank, for the following reasons: 4th. The said A. D. Oliver was the manager and proprietor of a private bank in the town of Climax, known as the Bank of Climax. 5th. The said Oliver approached this defendant and negotiated with him for the sale of the property in controversy, and the defendant did finally agree with the said Oliver for the sale of the said property for the sum of $14,325.00. 6th. Defendant had a deposit account in Oliver's bank, and Oliver delivered to defendant a check on his bank in payment for said property, and the defendant deposited it in the said bank, it being distinctly understood between this defendant and the said Oliver

that they were jointly to improve the said property. 7th. On the same day this defendant made and executed his deed to Oliver, the said Oliver, being largely indebted to the Bank of Whigham, made a deed to said bank as security for his debt to said bank. 8th. Though the deed was absolute upon its face, it was in fact only executed as security for the debt, and the bank gave the said Oliver a paper to this effect. 9th. At the time Oliver delivered his check to the defendant he did not have the money in said bank to pay the same, which was unknown to this defendant, and Oliver at the time he delivered the check and thereafter had no intention whatever to pay this defendant for said property, but it was a 'skin game' pure and simple. 10th. About a week after the execution of the said deed, Oliver tried to escape from Climax, but was arrested and held in custody, and it was learned that he was an escaped convict from the State of Mississippi. 11th. At the time the Bank of Whigham received the said deed from Oliver, it knew or had reasonable cause to believe that the title in fact was not into Oliver, but that it was his intention to defraud this defendant of his property. 12th. This defendant says that the facts herein stated show that the title into Oliver and into the Bank of Whigham is void as to the defendant; and the defendant prays that both of said deeds be set aside, and that the prayer of the Bank of Whigham be not granted. 13th. The defendant denies the fourth and fifth paragraphs of plaintiff's petition, except as herein stated."

A demurrer was filed to the answer as a whole, on the ground that it failed to set forth any reason why the prayer for partition should not be granted, and to each separate paragraph of the answer on various grounds. The court sustained the demurrer to paragraphs three, six, nine, ten, eleven, and twelve. Time was allowed to amend; but no amendment being offered, these paragraphs were stricken. The next day, and before any order was taken, the defendant offered an amendment, but on objection the proposed amendment was disallowed, and the entire plea stricken; after which final judgment was rendered in accordance with the prayer. The defendant excepted, assigning error on each of the rulings stated. The grounds of demurrer that were sustained were (a) to the third paragraph, on the ground that it failed to show any reason why the deed from Mize to Oliver was void, or why the deed from Oliver to the Bank of Whigham was void, or

why title was not conveyed thereby; (*b*) to the sixth paragraph, because it was irrelevant, and did not show any notice to the Bank of Whigham of any agreement between Oliver and Mize to improve the property, and did not show that the Bank of Whigham would not have improved it, and was an attempt to vary a deed by parol agreement made prior to the execution thereof; (*c*) to the ninth paragraph, on the grounds that it was irrelevant, and that it did not show notice to the Bank of Whigham; (*d*) to the tenth paragraph, on the grounds that it was irrelevant, and that it showed no reason why the petition should not be granted; (*e*) to the eleventh paragraph, on the ground that it was a mere conclusion of the pleader, and set forth no reason for the assertion of the charge made; (*f*) to the twelfth paragraph, on the grounds that it was irrelevant, and that it was a mere conclusion of the pleader, and was an attempt to set up a cross-action for the purpose of canceling a deed, which could not be injected into a suit for partition.

*Russell & Custer,* for plaintiff in error.

*T. S. Hawes* and *R. R. Terrell,* contra.

ATKINSON, J. 1. This was a statutory proceeding for partition under the Civil Code, § 5358 et seq. The notice filed with the petition called upon the defendants to show cause before the judge at chambers on the 30th day of March, 1911, etc. On that day the original answer was filed, and also the plaintiff's demurrer. The judge thereupon entered an order reciting the facts and setting the case to be heard at the May term of court. The case came on to be heard at that term, and on the 9th day of May, after consideration, the judge stated that he would sustain the demurrer to certain paragraphs of the answer, but did not enter any order to that effect. On the next succeeding day, before such an order was taken, the defendant Mize offered to amend by alleging: "Now at this term of the court comes F. A. Mize, the defendant in the above-stated case, and he amends his answer heretofore filed by adding thereto the following, to wit: The check given to defendant by said Oliver was never paid; and at the time same was given, the said Oliver had no funds to pay the same, and was absolutely and thoroughly insolvent. Defendant shows that shortly after said check was given, the said Oliver was adjudicated a bankrupt, and unless defendant can set aside the deed obtained from him by fraud

on the part of Oliver, he is without remedy." This amendment was disallowed on the ground that it was not accompanied by an affidavit to the effect that at the time of filing the original answer the defendant did not omit the new facts set out in the amendment for the purpose of delay, and that the amendment was not now offered for such purpose. The objections to the allowance of the amendment were not meritorious (Civil Code, § 5363), and the court erred in sustaining it.

2. Save as announced in the third division of the opinion, none of the several grounds of demurrer to the separate paragraphs of the answer would be meritorious, unless the answer as a whole was subject to the ground of general demurrer that it failed to set forth a valid defense. Properly construed the plea set up such matters as would have authorized Mize, in a contest directly with Oliver, to repudiate the sale. The worthless check which Oliver, the insolvent but sole owner of the Bank of Climax, imposed upon Mize was immediately deposited in that bank, and thereby in effect returned to Oliver. The net result of the transaction, in which credit was not intended to enter, was that Oliver obtained both the deed and check. Under these circumstances he could not in equity hold the deed. Nor did the plaintiff, the Bank of Whigham, stand in any better position. Taking the allegations of the plea as true, which must be done on demurrer, the deed which the Bank of Whigham received from Oliver was merely as security for Oliver's pre-existing debt, the bank not parting with anything, nor changing its status in any respect. It did not, therefore, stand in the position of a bona fide purchaser for value, and as such protected from the equities of Mize against Oliver. Civil Code, § 4307; *Mashburn* v. *Dannenberg,* 117 *Ga.* 567 (5), 568 (44 S. E. 97), and citations; *Harris* v. *Evans,* 134 *Ga.* 161 (67 S. E. 880). A sale of real estate does not stand on the same footing as a sale of negotiable paper, where the rule is different from that above expressed. *Harrell* v. *National Bank of Commerce,* 128 *Ga.* 504 (57 S. E. 869), and citations.

3. So much of the answer as sought to set up that the Bank of Whigham knew, or ought to have known by the exercise of reasonable prudence, of the alleged fraud on the part of Oliver in procuring the deed from Mize, was insufficient as a charge of notice, and should be so held, if on another hearing it should become material.     *Judgment reversed. All the Justices concur.*