14901.  PARKER, guardian, *v.* KIDD *et al.*

</div>

JENKINS, P. J.  "The right of creditors to subject to the payment of their
judgments the surplus realized from a sale under a security deed is
superior to the claim of a transferee of the bond to reconvey whose in-
terest was acquired subsequently to the date of the judgments. *O'Connor*
v. *Georgia Railroad Bank,* 121 *Ga.* 88 (48 S. E. 716). *E converso,* the
transferee of a bond to reconvey whose transfer is anterior to a judg-
ment against the transferor of the bond will be entitled to take the sur-
plus derived from the sale of property conveyed to secure a debt."
*McIntire* v. *Garmany,* 8 *Ga. App.* 802 (1) (70 S. E. 198); *Hubert* v.
*Merchants Bank,* 137 *Ga.* 70 (72 S. E. 505); *Burney Tailoring Co.* v.
*Ouzzort,* 132 *Ga.* 852 (1, 2) (65 S. E. 140); *Rucker* v. *Tabor,* 133 *Ga.* 720
(66 S. E. 917); *Hardy* v. *Truitt,* 20 *Ga. App.* 529 (3), 534 (93 S.
E. 149). In the trial of the instant money-rule proceeding, brought in
behalf of the transferee of such a bond for title, the undisputed evi-
dence shows that the assignment was made and the transferee assumed
in writing the indebtedness mentioned in the security deed more than
three years prior to the date of the other judgments now claiming the
surplus fund, obtained against the transferor of the bond. It was there-
fore error to direct a verdict against the transferee claimant and in favor
of the judgment intervenors.

<div align="center">

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 19, 1924.

</div>

Money rule; from Hart superior court—Judge W. L. Hodges. June 9, 1923.

*J. A. McDuff,* for plaintiff.    *J. B. Morris,* for defendants.