WAGER *v.* CARROLLTON BANK.

PER CURIAM. 1. The deed between the bank and Spence, when construed in the light of the contemporaneous contract between them, was one to secure a past-due indebtedness; and in consequence of this fact the bank was not a bona fide purchaser for value, and its deed was not superior to the lien of the plaintiff for material furnished and work done in completing the building. *Mize* v. *Bank of Whigham,* 138 *Ga.* 499, 503 (75 S. E. 629), and cit.; *Harris* v. *Evans,* 134 *Ga.* 161 (3) (67 S. E. 880). It follows that the court erred in giving the instruction complained of in the first special ground of the motion for a new trial, this instruction being based upon the theory that the deed was made in satisfaction of a pre-existing indebtedness due by the grantor to the grantee.

2. The court erred in excluding a copy of the record in a former trial, offered in evidence by the plaintiff. By this record it was sought to be shown that counsel for the claimant moved the court to direct a verdict for $4.55 and costs in favor of the plaintiff, the $4.55 being the amount claimed under the plaintiff's lien as a materialman. The movant insists that this motion was an admission in judicio that the claimant had notice of the claim of lien of the plaintiff, and only contested the balance of the amount claimed on the ground that the plaintiff was not a laborer but a mechanic. This insistence was also made before this court (*Wager* v. *Carrollton Bank,* 156 *Ga.* 783, 120 S. E. 116), and

Evidence, 22 C. J. p. 343, n. 58.
Mechanics' Liens, 40 C. J. p. 294, n. 74.

was decided adversely to the claimant. This evidence should have been admitted.

3. The above rulings make it unnecessary to consider any other assignments of error.       *Judgment reversed. All the Justices concur.*

No. 5024.   JULY 14, 1926.

Claim. Before Judge Irwin. Carroll superior court. June 26, 1925.

On December 27, 1920, B. F. Wager filed a claim of lien as "a mechanic, contractor, and materialman," on certain described property of H. N. Spence, "for building, improving and furnishing material" for the erection of a residence on the described property, which lien was "claimed and recorded within three months from the completion of said residence." On September 10, 1921, Wager filed in the superior court of Carroll County a petition to foreclose his lien, and alleged that on December 15, 1919, the plaintiff had entered into a parol contract with the defendant Spence, by which the plaintiff was engaged to erect said residence in "consideration of eighty cents per hour, amounting in full to $1,598 for work and labor and $4.55 for material furnished, making a total of $1,602.55 to be paid him by the defendant upon the completion of the contract," which residence was erected upon the described real estate; that plaintiff has received a payment of $434.36 on said contract, ·leaving a balance due of $1,168.19, and for this sum claims a lien on the described real estate and shows that he has recorded his claim of lien as required by law, and within twelve months after said claim became due brings his action for the amount thereof. On April 5, 1922, the Carrollton Bank filed a petition· asking that it be allowed to intervene in the suit to foreclose the lien, and set up that the property against which the lien was sought to be foreclosed was deeded to it on December 24, 1920, and the bank at that time became the owner thereof; that at the time of taking said deed there were no liens recorded against said property; and that Wager is not entitled to a lien for the amount claimed. On May 9, 1922, the intervention was "dismissed without prejudice to intervenor" by the attorneys for the intervenor. On the same date the jury returned a verdict in the foreclosure suit, finding in favor of a lien as claimed by the plaintiff, and judgment and execution issued in accordance therewith. On September 9, 1922, the fi. fa. was levied on the described property "as the property of the defendant [Spence] and

found in his possession." On February 24, 1923, the Carrollton Bank interposed its claim to said property. On the trial of the claim case, at the conclusion of the evidence introduced in behalf of the plaintiff, counsel for the claimant moved that the court direct a verdict for the plaintiff in the amount of $4.55, the amount of lien he claimed as a materialman; the claimant insisting that under the plaintiff's claim of lien he was not entitled to recover as a laborer or under a laborer's lien. The court directed such verdict, and the plaintiff brought the case to this court, where the judgment of the trial court was reversed (*Wager* v. *Carrollton Bank,* 156 *Ga.* 783), this court holding that under the evidence the plaintiff was entitled to have a jury pass upon his claim of lien as a laborer as well as a materialman.

Upon the second trial of the case, which trial the present bill of exceptions seeks to review, the evidence for the plaintiff was substantially as that on the former trial and as set forth in the opinion in the former case, supra. In behalf of the claimant bank three of its directors testified that they had no knowledge of the claim of lien of the plaintiff at the time the deed was executed to the claimant bank, though some of them admitted knowledge that Wager was working on the house. The president of the bank, C. H. Stewart, directly contradicted the evidence of plaintiff's witness, Spence, the former cashier and vice-president of the bank, that at the time Spence was settling an indebtedness to the bank, caused by an alleged shortage, by giving a deed to the property in dispute, he told said Stewart that Wager had not been paid and would have to be settled with. The claimant introduced in evidence a warranty deed, dated December 24, 1920, from H. N. Spence to the Carrollton Bank, conveying to said bank the property in dispute, for an expressed consideration of $25,000. The claimant also introduced in evidence a contract between H. N. Spence and the Carrollton Bank, dated December 24, 1920, which recites that Spence on said date has executed to the bank two certain deeds and a bill of sale to certain personal property, each of "which is here referred to and made a part hereof," and also has transferred to the bank certain promissory notes "for the purpose of securing any indebtedness he might owe said bank, now determined or that may hereafter be determined." The contract further recites that Spence has also executed to said bank his two promis-

sory notes each for the sum of $7,000. "The bank contends that said Spence owes it more than $39,000. The said Spence contends that he does not owe said bank said amount, but to make it secure he executes to it the above conveyance and the above-named notes." In consideration of said property the bank agrees to accept the same in full settlement of all indebtedness Spence may owe it, except certain specified items, and further agrees that should it be determined that Spence is indebted to it in a sum less than $39,000, then, upon the payment of such sum, the bank binds itself to reconvey to Spence all of the property above referred to. The contract provides for the sale of the realty and personalty referred to, with the consent of Spence, and for calling in a third party should the bank and Spence disagree as to the most advantageous time for making the sale. Spence is given possession of the house located on the property in dispute until notified by the bank to vacate; and when so notified he shall vacate within thirty days, or pay a reasonable rental therefor. It was further agreed that in case an offer is made for said property and the offer is acceptable to the bank and the third party called in, "the said Spence or any relative of his named by him shall have the refusal of the property at the price offered and upon the terms offered." The jury returned a verdict finding the property not subject. The plaintiff moved for a new trial on the formal grounds, and added eight grounds by amendment. The court overruled the motion, and the plaintiff excepted to this judgment.

*J. J. Reese* and *S. Holderness,* for plaintiff.
*Willis Smith* and *Boykin & Boykin,* contra.