### WILLIAMS *v.* OCONEE COUNTY BANK *et al.*

ATKINSON, J.　1. A security deed under the provisions of the Civil Code
(1910), §§ 3306, 6037, and 3310, was executed to secure a pre-existing
debt owed by the grantor to the grantee and any debt by the grantor to
the grantee "which may hereafter arise." After execution of the security
deed, the grantor obtained an additional loan from the grantee.　*Held:*
(*a*) In a contest arising after the additional loan between the security
deed and a prior unrecorded deed by the grantor to a third person, the
grantee in the security deed occupied the position of a purchaser for
value upon a present consideration; and if he was not affected with
notice of the prior unrecorded deed, his security deed would be entitled
to priority to the extent of the amount of both the antecedent and subse-
quent debts.　(*b*) The future extension of credit would constitute such
"new consideration" as would render the security operative relatively to
the pre-existing, as well as the subsequently incurred indebtedness.
Branch *v.* Griffin, 99 N. C. 173 (5 S. E. 393, 398).　(*c*) The case differs
from *Hubert* v. *Merchants Bank*, 137 *Ga.* 70 (72 S. E. 505), in which
there was "no additional security" for the security executed for the
pre-existing debt, and from the case of *Harris* v. *Evans*, 134 *Ga.* 161 (3)
(67 S. E. 880), in which it was held: "One who takes from his debtor a
security deed to land, for the purpose of securing a pre-existing debt,
without any change in condition or present payment or other new con-
sideration, does not rank as a purchaser within the meaning of the rule
of law which protects a bona fide purchaser without notice from an ease-
ment upon the land."
2. The ruling stated in the foregoing division disposes of the assignments
of error, in so far as they are insisted upon in the briefs of the attorneys
for the plaintiff in error.

*Judgment affirmed. All the Justices concur.*

No. 5092.　SEPTEMBER 11, 1926.

Equitable petition.　Before Judge Fortson.　Oconee superior
court.　September 23, 1925.

On the basis of an unrecorded warranty deed executed to him
upon a valuable consideration by Mrs. Marzie Williams, his mother,
Byron Williams brought suit against her and the Oconee County
Bank, to enjoin the sale of a lot in the Town of Watkinsville, un-
der a power of sale contained in a subsequently acquired and duly
recorded security deed executed by Mrs. Marzie Williams to the
bank, under the provisions of sections 3306, 6037, and 3310, of
the Civil Code of 1910, to secure "any or all indebtedness of the
within named grantor to the said party of the second part, . .
already existing or which may hereafter arise." At the time of
the execution of the security deed Mrs. Williams owed the bank
$4,307.96; and on June 12, 1923, she obtained from the bank an

Mortgages, 41 C. J. p. 545, n. 75; p. 546, n. 76.

additional loan of $226, for which she executed a note containing a mortgage on her crops. In addition to injunctive relief, the petitioner sought to have his title to the town lot decreed to be superior to the claim of the bank under the security deed, on the ground that the security deed was executed by Mrs. Williams to secure a pre-existing debt, and not upon a present consideration, and therefore that the bank did not occupy the position of a bona fide purchaser for value. An amendment to the petition was stricken which prayed, that, in the event the note for $226 should be found to be a valid consideration for the security deed, it then be determined what amount, if any, was due on said note, and that the security deed be enforced against the said town lot to the extent only so ascertained to be due on the note. A verdict was returned in favor of the bank. The petitioner's motion for a new trial was overruled, and he excepted.

The foregoing states the case somewhat more elaborately but substantially in accord with the statement as contained in the briefs for the attorneys of the plaintiff in error, after which the brief proceeds: "Under these facts the controlling question before this court is, where one executes and delivers a deed conveying property for a valuable consideration, which deed is never recorded, and later by a deed containing a stipulation to the effect that it was to secure any indebtedness that might thereafter arise, which deed is recorded, conveys this same property to a creditor to secure a pre-existing debt and without any additional consideration, and after the expiration of something over a year is loaned by the creditor $226, which deed is entitled to priority, the senior or junior? If the junior, to what extent?"

*Wolver M. Smith, John J. Strickland,* and *Rupert A. Brown,* for plaintiff.

*R. M. Nicholson* and *Erwin, Erwin & Nix,* for defendants.