## CARROLLTON BANK *v.* WAGER; *et vice versa.*

Nos. 7278, 7279. October 17, 1929.

*Willis Smith* and *Boykin & Boykin,* for Carrollton Bank.
*S. Holderness* and *J. J. Reese,* contra.

BECK, P. J.   B. F. Wager entered into a contract with H. N. Spence, in consideration of eighty cents per hour, amounting to $1598 for work and labor, and $4.55 for material furnished, making a total of $1602.55 due to Wager by Spence upon the completion of the contract for "building, improving, and for labor furnished upon certain real estate belonging to Spence, the contract not being in writing." Wager alleged, in his petition foreclosing his lien, that he completed the contract on November 23, 1920, and upon that date the sum of $1168.19 became due and payable. Wager recorded his lien on December 27, 1920. Within twelve months from the record of the lien Wager filed his suit setting up the foregoing facts, and praying that his lien be foreclosed. On the trial of the case a verdict was rendered in favor of the plaintiff, and a judgment entered thereon foreclosing his lien. Execution was issued and levied on the property described in the claim of lien and in the petition, verdict and judgment. The Carrollton Bank filed a claim to the property. A fuller statement of the facts will be found in the report of this case in 162 *Ga.* 508. On the first trial the court directed a verdict for the plaintiff for $4.55. The plaintiff excepted and brought the case here; and after review the judgment of the court below was reversed. Subsequently the case was tried, and the jury returned a verdict finding the property subject; whereupon the plaintiff moved for a new trial, and excepted to a judgment overruling his motion; and again the judgment of the lower court was reversed. On the last trial the jury found a verdict for the plaintiff. The claimant moved for a new trial, and the court below overruled this motion.

1. When this case was last here for review, this court held that "the court erred in giving the instruction complained of in the first special ground of the motion for a new trial, this instruction being based upon the theory that the deed was made in satisfaction of a pre-existing indebtedness due by the grantor to the grantee." The charge that was there held to be error was as follows: "Where title to real estate that is conveyed by a duly recorded deed to secure a debt,—or in this case where it is a deed in satisfaction of a debt, in settlement of a debt, if it appears that this man Spence was due this bank a sum of money, it wouldn't necessarily have to be to secure a debt, given as security deed, but if it was an absolute deed in settlement of a debt, and the grantee takes the deed and ad-

vances money loaned, without knowledge or notice of a mechanic's lien and before it is recorded, the title thus acquired is superior to such a lien. Now, if the bank took this property in settlement of a debt that was due to the bank by Spence, in this case, and they took it without notice of the lien held by Wager, the plaintiff in this case, their deed would be superior to his lien, and you would find the property subject." The charge was excepted to on the ground that "if Wager took a lien which was foreclosed within the time prescribed by law, he having first declared his lien and having had same recorded as prescribed by law, a sale of said property in settlement of or in payment of a pre-existing debt would not be such a sale to a bona fide holder without notice of the lien as would give the holder a title superior to the lien of the mechanic." In dealing with the exception to this charge this court said: "The deed between the bank and Spence, when construed in the light of the contemporaneous contract between them, was one to secure a past-due indebtedness; and in consequence of this fact the bank was not a bona fide purchaser for value, and its deed was not superior to the lien of the plaintiff for material furnished and work done in completing the building. *Mize* v. *Bank of Whigham,* 138 *Ga.* 499, 503 (75 S. E. 629), and cit.; *Harris* v. *Evans,* 134 *Ga.* 161 (3) (67 S. E. 880)." In view of that ruling it must now be held that the bank was not a bona fide purchaser for value, and its deed was not superior to the lien of the plaintiff for material furnished and work done in completing the building. There was some additional testimony offered at the last trial, but it was not of such character as would have authorized the jury to find that in view of the ruling quoted the bank was a bona fide purchaser for value.

Plaintiff in error insists that a part of the consideration for the deed which was executed by Spence to the bank was a present consideration, which means that it was a consideration paid at the time of the execution of the deed. The new evidence does not sustain this contention. The testimony relating to this new consideration was that of a witness sworn for the claimant, who testified upon this point: "I was one of the parties representing the bank at the time this deed was executed between the bank and Mr. Spence. I know when this house was built over here. When we took that paper there [indicating], representing the bank, I had no notice that B. F. Wager had any lien against the property, or any claim

against the property. It is my recollection Mr. Spence was living in the house at the time it was taken. I am sure he was. Let me have the schedule, the two notes. The two notes were taken and the deed in settlement of certain items that were being carried, the $14,000 and the two notes, I believe it was. I am not sure just how it was divided, but any way there were fourteen thousand dollars in checks; they are listed here in the schedule in the auditor's report, something like 25 or 30 or more, which total $14,000 and some odd dollars. These were checks that were in the cash drawer, and he carried them as cash items, and the deed was executed in settlement of those items. That was part of the consideration. Now there was some there the auditor had found, some other matters, the bank claimed was shortage, and this was a cash consideration. These checks were Mr. Spence's checks. One of them was for $3200 that was given as the purchase-price of the lot this house was built on. It was given for the lot on which the house is located." Under this evidence, it is clear that no cash consideration was advanced for the paper executed by Spence. The consideration for these papers executed by Spence was for past indebtedness, a part of it being for checks of his own which he had placed in the drawer as cash. And a deed executed in payment of such checks given in the past, which were drawn by the grantor in the deeds and which were held by him in the cash drawer, he being the cashier of the bank, was executed to cover a past indebtedness. This consideration of $14,000 was of the same character as Spence's indebtedness which existed prior thereto. Moreover, it was ruled in the decision in this same case, under evidence similar to that now contained in the record, so far as the question of notice is concerned, "the claimant will not be heard to say that the bank did not have notice." 156 *Ga.* 788.

In view of what is ruled above, it was not error as against the plaintiff in error for the court to instruct the jury: "The question at issue in this case is, whether or not the Carrollton Bank is the bona fide purchaser of this property; that is, whether or not it is the purchaser in good faith, and without notice of the rights of the plaintiff, B. F. Wager." In view of all the evidence in the case, including the new evidence introduced as to the $14,000 which it is insisted is a part of the consideration for the deed of Spence, the bank was not a bona fide purchaser without notice of the rights

of plaintiff. Nor can the plaintiff in error complain of the charge on the ground that it "left the question out of the case as to whether Wager had a valid lien and had completed his conduct as required by law." For we are of the opinion that the bank, which rests its claim to the property in question here upon a deed from Spence to the claimant, was in privity with Spence; and neither Spence nor his privies could set up, after the judgment in favor of Wager establishing his lien, that the amount of the judgment was not due Wager from Spence. In the case of *Prendergast* v. *Wiseman, 80 Ga.* 419 (7 S. E. 228), it was said: "The Code, § 3596, declares that 'creditors or bona fide purchasers may attack a judgment . . for fraud or collusion whenever and wherever it interferes with their rights either at law or in equity.' Instances of attack by creditors appear in *Smith* v. *Gettinger, 3 Ga.* 140; *Hammock* v. *McBride, 6 Ga.* 178; *Williams* v. *Martin, 7 Ga.* 377. And there is no doubt that a purchaser who takes without notice of the judgment can attack as freely as a creditor. But he who purchases property which he knows to be subject to the lien of a judgment in the hands of his vendor, acquires the property as a privy in estate with his vendor, and it would be no hardship to hold him as much bound by the judgment as he would be were he a direct party to it. The general rule with reference to bona fide purchasers is, that a want of notice is essential to their claim for protection." See also *Garlington* v. *Fletcher, 111 Ga.* 861 (36 S. E. 920).

It follows that the court did not err in giving to the jury the instructions contained in the first special ground of the motion for a new trial, which is as follows: "In this case, gentlemen of the jury, the question as to the amount due on this fi. fa. is not submitted to you for your consideration. During the trial certain evidence has been offered touching the question as to whether or not the amount claimed is due on this fi. fa. The amount for which the fi. fa. is issued is $1168.19, and you are not concerned with whether or not that amount or any other amount is now due on the fi. fa., after the evidence has been submitted and closed in that respect. It is now determined by the court, and it is not an issue in the case whether it is $400, $1100 or any other sum is due, but you are dealing with this fi. fa. as one upon which the sums are due which are set out in the fi. fa."

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*