CHARLES THORNTON, plaintiff in error, *vs.* WYATT WILSON, defendant in error.

55  607
104  100
55  607
f110  638
f110  907
55  607
123  195

1. A distress warrant issued by a magistrate who was the son of the plaintiff, is not void. The act is purely ministerial. No lien is created until a levy.
1. A mortgage, not foreclosed, cannot claim money in court for distribution.

Distress warrant. Officer. Mortgage. Before Judge RICE. Gwinnett Superior Court. September Term, 1875.

Reported in the decision.

H. L. PATTERSON, by H. P. BELL, for plaintiff in error.

J. F. LANGSTON, for defendant.

WARNER, Chief Justice.

This case came before the court below on a *certiorari* from a justice's court in relation to the distribution of money raised by the sale of the property of one Pressly. The money was claimed by Wilson under a distress warrant for rent, which was levied on the 18th of June, 1874. Thornton also claimed the money under an attachment which was levied on Pressly's property on the 29th of June, 1874, and also on a lien in the nature of a mortgage, executed by Pressly to him, to indemnify him as security, dated 5th of May, 1874, but which had not been foreclosed. The plaintiff in attachment insisted that Wilson's distress warrant was void, because it was proved to have been issued by his son W. W. Wilson, notary public. The justice ordered the money to be divided nearly equally between the respective claimants. Wilson sued out a *certiorari* to the superior court, and on the hearing thereof the court sustained the *certiorari*, and set the judgment of the justice aside and ordered the entire fund in the justice's court to be paid to the distress warrant of Wilson, whereupon Thornton excepted.

1. It appears from the evidence in the record that the money in the hands of the justice for distribution was raised from the sale of Pressly's property under the distress warrant levied thereon in favor of Wilson. If the distress warrant was void, then there was no money legally raised, in the hands of the justice, to be distributed. But we do not think the distress warrant was void; the issuing of the distress warrant was a ministerial act on the part of the justice, and created no lien on the property of the defendant therein, until it was levied. This case comes within the principle ruled in the case of *Blount vs. Wells*, 55 *Georgia Reports*, 282.

2. The mortgage was not entitled to claim the money because it had not been foreclosed. There was no error in ordering the money in the hands of the justice to be paid to the plaintiff in the distress warrant.

Let the judgment of the court below be affirmed.