## ENNIS v. HARRALSON BROTHERS & COMPANY.

1. That money due to several tenants in common upon a policy of fire-insurance was, after the dissolution of a garnishment which had been served upon the insurance company at the instance of a creditor of one of these tenants, collected from the company and used in rebuilding the property destroyed, affords no reason for defeating the garnishment.

2. A mortgage does not pass title, and therefore can not be made the basis of a claim to the mortgaged property; nor can the holder of an unfore-closed mortgage claim the proceeds of such property without showing equitable reasons entitling him to do so, and among these it must, in a case like the present, appear that the mortgagor is insolvent.

Submitted April 20, — Decided May 21, 1897.

Garnishment and claim.    Before J. M. McNeill, judge pro hac vice.    City court of Columbus.    April term, 1896.

*Henry C. Cameron* and *W. H. McCrory*, for plaintiff in error. *Miller & Miller*, contra.

LUMPKIN, P. J.    1. The heirs at law of Mrs. Ennis were entitled to $500 upon a policy of fire-insurance which had been issued to her in her lifetime.    A creditor of J. W. Ennis, one of these heirs, caused a garnishment to be served upon the insurance company, to which the latter made answer, in effect stating that J. W. Ennis and four others were, as such heirs, each entitled to a distributive share in the amount due by the company to the estate of Mrs. Ennis.    .

The garnishment was dissolved by T. L. Ennis, another of the heirs, who traversed the answer made by the insurance company and claimed the interest of J. W. Ennis in the fund. The money due upon the policy was accordingly paid over to the claimant, and was expended by him in replacing the burned building.    In the policy the company had reserved the right to rebuild, in case of loss, in lieu of settling in cash for any damage which might be sustained by the insured in the event the building burned.    It did not, however, elect to exercise this right.    The claimant sought to defeat the garnishment because of the fact that the money received under the policy had been used as above stated.

There is no merit in this position.    It is obvious, without discussion, that the exercise by the company of its privilege to rebuild would have been an altogether different thing from the

use of the money by the beneficiaries of the policy in accomplishing the same result. The share of J. W. Ennis in the money due by the company was caught by the garnishment. before the company had paid it over to any one, and the fact. that it made payment, upon a dissolution of the garnishment, to T. L. Ennis, who subsequently expended the money in replacing the burned building, could not alter the legal status of the fund.

2. The basis of the claim interposed by T. L. Ennis was a. mortgage which had been given him by J. W. Ennis, before. the fire, covering the latter's interest in the estate of Mrs. Ennis, including the building which subsequently burned. This mortgage, under our statute, passed no title into T. L. Ennis, and therefore could not be held to support his claim of a legal title to the mortgaged property. The mortgage had never been foreclosed. Accordingly, in the absence of some equitable reason—as, for instance, the insolvency of the mortgagor, —it could not be made the basis of an equitable claim to the insurance fund, treated as the proceeds of the mortgaged property. There was no evidence of the insolvency of J. W. Ennis, nor does the record disclose any ground, legal . or equitable,. upon which the claim of T. L. Ennis could meritoriously rest..

*Judgment affirmed. All the Justices concurring.*