*A. G. & Julian McCurry,* for defendant.

---

2108. WRIGHT, WILLIAMS & WADLEY *v.* BROWN, sheriff.

HILL, C. J. 1. Where an attachment has been levied upon personal property and a claim is interposed, the regularity of the attachment is ordinarily of no concern to the claimant, he being interested only in showing that the property is not subject. Therefore, the claimant can not move to dismiss or quash the attachment because of any apparent defect, his remedy being to have the levy dismissed. · *Rossiter* v. *Carrollton Electric Light Co.,* 5 *Ga. App.* 393 (63 S. E. 233), and cases cited. But where no declaration in attachment has been filed as required by the statute, no suit is pending in which a valid judgment can be rendered for the plaintiff, and for this reason the attachment loses its lien and can not claim money held by the sheriff for distribution under a money rule. Civil Code, § 4556; *Russell* v. *Faulkner,* 89 *Ga.* 818 (15 S. E. 756); *Banks* v. *Hunt,* 70 *Ga.* 743; *Callaway* v. *Maxwell,* 123 *Ga.* 208 (51 S. E. 320).

2. Money rules are in the nature of equitable proceedings; and where a fund is in the hands of the sheriff, arising from the sale of a debtor's property for distribution by the court among his creditors, and there is no lien on the fund or the property from the sale of which the fund was realized, it should be awarded to either the defendant or his creditors who are equitably entitled to receive it.

3. Where the sheriff has levied an attachment upon personal property of a perishable nature, and has sold it under what is commonly known as a "short order," and the attachment proceeding subsequently becomes void and loses its lien, because of the failure of the plaintiff in attachment to file his declaration at the first term, the money remaining in the hands of the sheriff primarily belongs to the defendant in attachment; but if the title to the property sold as the property of the defendant in attachment be in a third person by reason of his having reserved it in writing as security for the purchase-money, that third person may waive his right to follow the property and recover it from the purchaser at the sale, and in that event can, on money rule, have the proceeds of the sale applied upon his debt; and this is true notwithstanding he gave public notice on the day of the sale that whoever bought would buy subject to his title. ' *Judgment reversed.*

Money-rule; from city court of Fayetteville—Judge. Hollingsworth. July 13, 1909.

Argued December 26, 1909.—Decided February 10, 1910.

Creditors of Barbee & Son sued out attachments and had them

levied upon six mules as the property of the defendants; and Wright, Williams & Wadley filed a claim to the mules. The sheriff obtained a statutory order to sell the property, as being perishable, and at the sale the claimants gave notice that the property would be sold subject to their claim. The claimants brought a money rule against the sheriff in aid of their claim, and the attachment creditors were made parties to the rule. The attachments, the claim, and the money-rule were heard together. Before the intro- duction of evidence the claimants moved to dismiss the attach- ments, (1) because the affidavits upon which the attachments is- sued were not signed by the affiants as individuals, but were signed by them as agents or attorneys, and did not say for whom they were acting as such; and (2) because no declaration in attachment had been filed. Several terms of the court had intervened be- tween the term to which the attachments were returnable and the trial. The court overruled the motion to dismiss. The claimants introduced in evidence a bill of sale of 20 mules and 20 sets of harness, executed to secure the payment of a purchase-money note. No payment was ever made on the note. It was testified and not denied that the mules sold by the sheriff were included in the bill of sale. The court directed a verdict awarding to the attachment creditors the fund in the sheriff's hands; and the claimants ex- cepted, assigning as error each of the rulings stated.

*Blalock & Culpepper, Daley, Chambers & Smith,* for plaintiffs in error.

*J. W. Wise, W. N. D. Dixon,* contra.