BROWDER, MANGET & CO. *et al.* v. BLAKE & MADDEN *et al.*

LUMPKIN, J. 1. A firm bought certain mules, and gave to the vendors a purchase-money note in which it was provided that the title should remain in the latter until payment. This was duly attested and recorded. Later common-law judgments were obtained against the purchasers, and the executions issued on them were levied on the mules. None of the purchase-money had been paid. The vendors attempted to foreclose their note by affidavit, as in case of a chattel mortgage or bill of sale given as a security for a debt not exceeding $100 (Civil Code, § 2753; Acts: 1899, p. 82), and placed the execution issued upon such foreclosure in the hands of the sheriff in order that they might claim the fund arising from the sale. The mules were sold under the common-law executions, and brought their full value. The debtors were insolvent. One of the holders of the note containing the provision for the retention of title was present at the sale and bid thereat, and bought one or more of the mules. A money rule was brought to distribute the fund arising from the sale. *Held,* that although the note could not be foreclosed by affidavit, like a chattel mortgage (*Berry* v. *Robinson & Overton,* 122 *Ga.* 576 (50 S. E. 378)), yet on a rule to distribute money equitable principles are applied (Civil Code, § 4776), and, under the facts above stated, there was no error in ordering the proceeds of the sale to be paid to such vendors. *Winter* v. *Garrard,* 7 *Ga.* 183; *Green & Colwell* v. *Hill,* 101 *Ga.* 258 (28 S. E. 692); Civil Code, § 3974.

2. The ruling here made does not conflict with the decision in *Rich* v. *Colquitt,* 65 *Ga.* 113. That case involved only the foreclosure of a chattel mortgage (which in this State conveys no title, but only creates a lien), and an effort to claim funds under an execution issued upon a void foreclosure. Likewise the facts do not make a case falling within the Civil Code, § 2759.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*

AUGUST 13, 1910.

Money rule. Before Judge Freeman. Meriwether superior court. June 22, 1909.

*Robert T. Daniel* and *Hill & Culpepper,* for plaintiffs.

*McLaughlin & Jones,* contra.