### 7872. HINTON v. BURNS et al.

H. K. Burns made a security deed to his land to Gantt, and afterwards sold the land to Wheeler, subject to Gantt's lien, taking purchase-money notes and executing a bond for title to the purchaser, and sold the purchase-money notes, but did not also convey title to the land. The purchaser of the notes, J. K. Burns, sued Wheeler as principal and

H. K. Burns as indorser thereon, and obtained a common-law judgment against them. Wheeler, while holding the land under the bond for titles, made a security deed to Hinton, and Hinton obtained a judgment against Wheeler, in which a special lien on the land was established. The land was sold under an execution in favor of Gantt, and on a money rule the surplus, after payment of Gantt's execution, was claimed by J. K. Burns under his judgment on the purchase-money notes. Hinton filed an intervention, contending that the surplus should be applied first to his judgment. The intervention of Hinton was dismissed, and the surplus fund awarded to J. K. Burns. *Held*, that there was no error in thus awarding the fund.

DECIDED JULY 5, 1917.

Money rule; from city court of Macon—Judge Guerry. September 30, 1916.

*Hardeman, Jones, Park & Johnston,* for plaintiff in error.

*Martin & Martin, Hall & Grice, McMillan & Erwin, C. J. Bloch,* contra.

JENKINS, J. No question arises concerning the priority of the claim of Gantt. The controversy arises solely over the surplus fund arising from the sale of the land originally owned by H. K. Burns. It will be seen that J. K. Burns claims by virtue of his judgment against Wheeler as principal and H. K. Burns as indorser on the purchase-money notes given by Wheeler to H. K. Burns, the original owner, and indorsed by the latter to him; and Hinton claims under his judgment setting up a special lien on the land, on a note and deed given by Wheeler while holding under his bond for title and while the purchase-money notes which are the basis of the judgment in favor of J. K. Burns were unpaid. J. K. Burns's motion to dismiss the intervention of Hinton is more specifically based upon the ground that the funds arose from the sale of property belonging to H. K. Burns, against whom Hinton had no judgment, while the judgment of J. K. Burns is against both Wheeler and H. K. Burns, and that, since the funds to be distributed did not arise from the sale of the property of a debtor common to H. K. Burns and J. C. Hinton, the intervention could not properly lie. In support of this contention counsel for defendants in error cite *Burns* v. *Long,* 79 *Ga.* 530 (4 S. E. 877). The headnote in that case is as follows: "Where two firms, as creditors of different debtors, each held a mortgage given by the debtors respectively upon the same personal property, and one of the firms foreclosed their mortgage against their debtor, and caused the

property to be sold thereunder, and thereupon the other firm, who had also foreclosed their mortgage against their debtor, sought to claim the fund arising from the sale, there was no error in refusing to allow them to intervene for that purpose. The foreclosure of the mortgage against one debtor constituted no lien upon the fund arising from the sale of the property as that of the other debtor; and if the property did not belong to the debtor as whose it was sold, but to the other debtor, the sale could not affect the lien of the mortgage against the latter." The principle held in that case does not seem to us, however, to be just applicable to the facts here. The basis of that decision was that when a fund arises from the sale of mortgaged property as belonging to one person, an intervention will not lie in favor of one claiming the fund by virtue of a mortgage executed by another; that one claiming a fund under an intervention can not support such a claim by showing that the title to the property sold was in some person other than defendant in execution. This principle has often been held. *Crawford County Bank* v. *Britt-Hightower Co.*, 17 *Ga. App.* 804 (88 S. E. 691). In the case before us, however, there are not two titles involved. H. K. Burns sold his title, under a bond, to Wheeler, and the question is: Can Wheeler, or his transferee, without paying the purchase price of the land, claim the benefit thereof, by receiving the surplus fund arising from the sale thereof, to the exclusion of one claiming under a judgment based on the purchase-money notes given by Wheeler therefor?

A money rule is an equitable proceeding, and the court must, upon proper pleading, award the money in the hands of the officer to the person equitably entitled to it. *Bradshaw* v. *Gormerly,* 54 *Ga.* 557 (4) ; *Coleman* v. *Slade,* 75 *Ga.* 61 (15) ; *Shumate* v. *McLendon,* 120 *Ga.* 396 (48 S. E. 10) ; *O'Connor* v. *Georgia Railroad Bank,* 121 *Ga.* 88 (48 S. E. 716) ; *Ragan* v. *Coley,* 4 *Ga. App.* 421 (4, 5) (61 S. E. 862) ; *Wright* v. *Brown,* 7 *Ga. App.* 389 (66 S. E. 1034) ; *Black* v. *Weaver,* 7 *Ga. App.* 507 (3) (67 S. E. 389). In the case of *Fulcher* v. *Felker,* 28 *Ga.* 252, the headnote is as follows : "A sells to B a tract of land at full valuation, incumbered with a judgment lien, to satisfy which the land is sold by the sheriff, leaving a surplus, after satisfying the principal, interest, and cost of fi. fa. Upon a rule against the sheriff, and at the instance of A, *held* that B, the purchaser, and not A, was entitled to

this balance." In that case the court said: "Can there be any doubt that Cloud, by going into a court of equity, would be decreed to retain the balance of the money for which the land was sold after satisfying the principal, interest, and cost of the fi. fa.? We apprehend not. The same principle should govern then in the decision of this motion. Cloud bought and paid Fulcher, the defendant in execution, for the land. He went into possession. But it was incumbered by the older lien of the judgment. This he was obliged to discharge. Having done this, was he not entitled to hold on to the surplus of the sale? What claim had Fulcher to it? He had sold and conveyed to Cloud and *received the full value of his property.*" See also *Crawford* v. *Williams,* 76 *Ga.* 792 (2). In the present case the purchase price of the land had not been paid, and it does not seem the vendee or his transferee should claim the surplus fund arising from the sale thereof, as against one claiming under a judgment based on notes which were in fact for the purchase price. Civil Code (1910), § 3330; *Bush* v. *Bank of Thomasville,* 111 *Ga.* 664 (36 S. E. 900); *Green* v. *Hill,* 101 *Ga.* 258 (28 S. E. 692); *Browder* v. *Blake,* 135 *Ga.* 71 (68 S. E. 837); *First National Bank of Cornelia* v. *Burruss,* 144 *Ga.* 857 (88 S. E. 190); *Smith* v. *Bowne,* 60 *Ga.* 485.

We therefore think the court was right in dismissing the intervention and awarding the surplus fund to J. K. Burns.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*