## 8506.  THRASH & COMPANY v. HARMAN et al.

Under previous rulings in this State, as applied to the facts of a case made by rule for distribution of money, the award by the judge was equitable and proper.

DECIDED OCTOBER 31, 1917.

Money rule; from city court of Greenville—Judge Revill.  January 24, 1917.

J. A. Thrash & Company obtained four judgments in a justice's court against Aleck Watson.  On December 8, 1914, executions were issued, and on December 26, 1914, two of these executions were levied on a black horse-mule as the property of Aleck Watson. The mule was advertised for sale by the constable and was sold for $152.  J. A. Thrash & Co. obtained a rule against the constable, who answered, admitting the facts stated in the rule.  Cal and Charles Harman filed an intervention in which they alleged that the mule from the sale of which the fund in controversy arose was not the property of Aleck Watson, but belonged to them, because of the fact that on January 18, 1912, they sold the mule to Louvenia Watson, taking from her a note for the purchase-price, in which note they retained the title to the mule; that the note was duly recorded on January 19, 1912; that no part of the purchase-price of the mule has ever been paid, and that Aleck Watson and his wife, Louvenia Watson, were both insolvent.  They prayed that "the funds arising from said sale of said mule, after

deducting legitimate cost, be ordered paid over to intervenors." It was agreed by the parties that the facts set out in the rule, the answer, and the intervention were "all that is necessary to a clear understanding of the facts in said case, and that the facts contained in each are true." The case was submitted, by agreement, to the judge without the intervention of a jury. He awarded the fund to the Harmans.

*McLaughlin & Jones,* for plaintiffs. *J. F. Hatchett,* contra.

BLOODWORTH, J. A rule against a constable to distribute money in his hands is essentially an equitable proceeding. In *Coleman* v. *Slade,* 75 *Ga.* 73, it was said: "It must be borne in mind that these issues on money rules against the sheriff, when creditors contest for their respective rights and priorities of lien, are in the nature of equitable proceedings, and should be determined accordingly; and no irregularities should defeat the real equities of the parties and justice of the case." In *Wright* v. *Brown,* 7 *Ga. App.* 389 (66 S. E. 1034), it was held: "If the title to the property sold as the property of the defendant in attachment be in a third person by reason of his having reserved it in writing as security for the purchase-money, that third person may waive his right to follow the property and recover it from the purchaser at the sale, and in that event can, on money rule, have the proceeds of the sale applied upon his debt; and this is true notwithstanding he gave public notice on the day of the sale that whoever bought would buy subject to his title." The same principle was applied in the case of *Browder-Manget Co.* v. *Blake,* 135 *Ga.* 71 (68 S. E. 837). See also Civil Code (1910); § 5348; *Rucker* v. *Tabor,* 133 *Ga.* 720 (66 S. E. 917); *National Bank* v. *Exchange Bank,* 110 *Ga.* 692 (36 S. E. 265); *Baker* v. *Gladden,* 72 *Ga.* 469; *Field* v. *Armstrong,* 69 *Ga.* 170; *Bradshaw* v. *Gormerly,* 54 *Ga.* 557, 559; *Ragan* v. *Coley,* 4 *Ga. App.* 421, 422 (5) (61 S. E. 862); *Georgia Realty Co.* v. *Bank of Covington,* 19 *Ga. App.* 219, 222 (91 S. E. 267). Under these decisions it seems clear that the conclusion reached in this case by the presiding judge was equitable, and that the money was properly awarded. See also *Hinton* v. *Burns,* 20 *Ga. App.* 467 (93 S. E. 120).

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*