## 15207.   FEW *v.* POU.

1. The motion to dismiss the bill of exceptions is denied for the reason stated in the first division of the opinion.
2. "Garnishment proceedings, being purely statutory, cannot be extended to cases not enumerated in the statute, and courts have no right to enlarge the remedy or hold under it property not made subject to the process." The plaintiff does not occupy any better position as against the garnishee than does the principal defendant.
3. The transferee of a bond for title, where the assignment is made merely as collateral to secure a debt, is not thereby entitled to recover the rents and profits of the premises.
4. But where in a garnishment proceeding it appears that, in addition to such collateral assignment of the bond, the assignee, in order to further secure his claim against the obligee, was subsequently given a valid oral assignment of the right of possession of the premises, together with the rents and profits incident thereto, he, as the holder of such equitable assignment of the rents, is entitled to claim such as accrue prior to the legal termination by the vendor of the assignor's right of possession.

DECIDED MAY 17, 1924.   ADHERED TO ON REHEARING, SEPTEMBER 19, 1924.

Certiorari; from Morgan superior court—Judge Park.   October 26, 1923.

*Williford & Duke,* for plaintiff in error.

*E. H. George,* contra.

JENKINS, P. J.   On January 5, 1920, Mrs. Pou sold a house and lot to Smith, taking from him three promissory notes for $2,000 each, respectively maturing January 1, 1921, 1922, and 1923, and giving him a bond for title, under which he went into possession of the property.   On December 1, 1920, Smith executed to Few an assignment of "the within bond for title, with all my

rights, title, and interest therein and thereto," with the provision that "this transfer and assignment is made as collateral security to a certain note, dated December 1, 1920, due January 1, 1922, bearing 8 per cent. interest per annum, and being for $3,000 principal." Subsequently to this assignment Mrs. Pou obtained general judgments on the purchase-money notes as they respectively became due, these judgments setting up a special lien upon the bargained property. Mrs. Pou then initiated a summons of garnishment in the city court of Madison, directed to Walker, a tenant who was occupying the premises. It appears, under the undisputed evidence, that Smith, the vendee under the bond for title, some time after the assignment of the bond for title as collateral security to Few, and before the summons of garnishment upon the occupant of the premises—but at what time the record does not more definitely show—had told Few to take charge of the property, rent it, collect the rents, and apply them to the previously executed note, already referred to as owing by Smith to Few, and to secure which Smith's bond for title had, as stated, been assigned to Few as collateral. Few, as the oral assignee of the right of possession to the property and its rents, proceeded in October, 1922, to take possession of the premises by renting the same to Walker, the garnishee. It is the rents accruing under the tenancy of Walker by virtue of his contract made with Few which constitute the subject-matter of the present controversy under the garnishment proceeding. Walker, the garnishee, occupant of the premises, in his answer as amended, undertook to construe his present and future accruing liability as subsisting in favor of Few instead of Smith; but, assuming the attitude of a stakeholder, he paid into court the money due by him for rents, and asked further direction of the court. Few, without entering a formal claim or filing bond under the Civil Code, § 5282, filed a petition in the nature of a claim to the fund and praying to be made a party, on which the court passed an order making him a party, and he participated in the trial without any objection or exception by the plaintiff in fi. fa. to such order or such participation. The issues as tried in the city court appear to have been only those made by the plaintiff's traverses to the garnishee's answer as amended. In her original traverse the plaintiff alleged that "the funds coming into said garnishee's hands" were "rental for said premises; that plaintiff's

said liens are superior to all other liens except liens for taxes; that her said liens now amount to more than $5,500; that when said house and lot is sold and the liens for taxes discharged, there will not remain enough to pay half her said liens; that she has no other security; and that the said defendant, W. E. A. Smith, is insolvent." It was shown without dispute that the plaintiff held general and special judgments and executions, amounting to $5,-994; that the property was her only security; that superior tax liens amounted to about $450; that a public sale would not realize more than $4,000; that in October, 1922, and subsequently, Smith, the defendant vendee, was insolvent; and that the garnishee tenant had rented the property from Few, the claimant, and not from Smith. The judge of the city court, who, by agreement, tried the case without a jury, entered a judgment in favor of the garnishee and against the plaintiff on her traverses, holding that her liens did "not attach to the fund paid into court by the garnishee, the same having, previous to service of the summons of garnishment, been assigned by W. E. A. Smith on an unquestioned debt, this debt being secured by a transfer and delivery of the bond for title." The plaintiff, in her petition for certiorari, excepted both to this judgment and to the admission of oral testimony offered in behalf of the garnishee and claimant with reference to the parol assignment of possession and rents to the claimant, upon the ground that "realty cannot be turned over by parol," and that such attempted transfer would not be binding upon the plaintiff. The superior-court judge, applying equitable principles in distributing the fund, and citing as authority the cases of *Wilkins* v. *Gibson,* 113 *Ga.* 31 (8), 56, 57 (38 S. E. 374, 84 Am. St. R. 204), *Thrash* v. *Harman,* 21 *Ga. App.* 98 (94 S. E. 54), and *Wright* v. *Brown,* 7 *Ga. App.* 389 (66 S. E. 1034), sustained the certiorari and directed that the fund paid into court be awarded to the plaintiff and credited on her purchase-money judgments; this upon the theory that the claimant stood in the shoes of the defendant vendee of the property by virtue only of the transfer of the bond for title; that by the transfer of the bond for title the defendant could not convey to his assignee any better claim than he himself owned under it, and that, applying equitable principles to the question involved, as the defendant vendee was insolvent and the property was worth less than the amount due to the plain-

tiff vendor, the plaintiff was "equitably entitled to the funds in court realized from the rents from said house and lot as against the claim."

1. Where a garnishee paid money into court and asked to be discharged, although answering that he was not indebted to the defendant but was indebted to another, and where such other person filed a petition, asking to be made a party to the proceeding and in effect asserting a claim to the money so paid by the garnishee, and an order making such person a party was entered and he participated in the proceedings, without any objection or exceptions being taken by the plaintiff, such third person will be treated as a claimant, although he filed no bond to dissolve the garnishment under section 5282 of the Civil Code (1910). The statutes with reference to claims in garnishments, while providing that the claimant "may" dissolve the garnishment "by filing . . a bond . . conditioned to pay to the plaintiff the sum that may be found due to said defendant upon the trial of any issue that may be formed upon the answer of the garnishee, or that may be admitted to be due in said answer, if untraversed," and that upon such bond being given, "the garnishee shall pay over or deliver any money or property to the claimant upon the dissolution of the garnishment in manner aforesaid" (Civil Code, § 5288), do not make the filing of such a bond vital to the assertion of the claimant's rights where the claimant seeks no dissolution of the garnishment or possession of the property. See *Rutherford* v. *Fullerton,* 89 *Ga.* 353 (2) (15 S. E. 471) ; *Droughl* v. *Poage,* 3 *Ga. App.* 178 (3) (59 S. E. 728). Especially would this be true where no objection or exception was taken by the plaintiff in garnishment to the order making the claimant a party and to his subsequent participation in the proceedings. It is a different rule which requires that, when an ordinary claim is filed to property levied upon, the claimant must file a bond or pauper affidavit in order to have the claim adjudicated. Civil Code (1910), §§ 5158, 5164; *Hand* v. *Hall Mdse. Co.,* 91 *Ga.* 130 (2-4) (16 S. E. 644). Thus, where such a garnishment proceeding was tried in the city court upon the issues raised by the traverses to the garnishee's answer as amended, and was determined in favor of the claimant and against the plaintiff in fi. fa., who proceeded therefrom by certiorari, and where the superior-court judge entered

a judgment finding in favor of the traverse and awarding to the plaintiff in fi. fa. the fund paid into court by the garnishee, the garnishee, who by paying the funds into court and asking its direction had assumed the legal status of a stakeholder, although a nominal party, was not a necessary plaintiff in error in a bill of exceptions taken by the claimant from such judgment; and consequently the motion to dismiss the bill of exceptions must be denied.

2. "While a judgment in this State, in a general sense, binds all the property, both real and personal, of the person against whom it is rendered, the lien of such judgment, in the special sense which prevents the alienation of the property of the debtor after its rendition, attaches only to such property of the debtor as is capable of seizure and sale under execution based upon such judgment. Choses in action are not subject to seizure and sale under executions based upon ordinary judgments, and can only be reached by the judgment creditor through a garnishment, or some other collateral proceeding; and inasmuch as such garnishment or collateral proceeding is necessary to fix the lien of the judgment so as to make it effective, an assignment of the chose in action by the debtor before the institution of such collateral proceeding passes to the assignee the property of the debtor in the chose in action assigned, freed from the lien of a general judgment previously rendered against the assignor." *Fidelity & Deposit Co.* v. *Exchange Bank,* 100 *Ga.* 619 (2), 625 (28 S. E. 393).

(*a*) Garnishment proceedings in this State, being statutory, are not controlled by equitable rules in the distribution of the fund, such as obtain in direct equity proceedings or in money rules, where equitable principles have been held applicable. *Phillips* v. *Wesson,* 16 *Ga.* 137 (3), 140; *Conyers* v. *Bowen,* 31 *Ga.* 385; *Bowling* v. *Amis,* 58 *Ga.* 400 (1), 402. Especially is it true that equitable rules cannot be applied to garnishments tried in city courts or other courts with only common-law jurisdiction, and "without jurisdiction to grant affirmative equitable relief such as the plaintiff would require" in order to recover. *Southern Flour & Grain Co.* v. *Northern Pacific Ry. Co.,* 127 *Ga.* 626 (1), 631 (56 S. E. 742, 9 L. R. A. (N. S.) 853, 119 Am. St. R. 356, 9 Ann. Cas. 437); *Woodruff* v. *McDonald Furniture Co.,* 96 *Ga.*

86, 88 (23 S. E. 195). The rule is that "garnishment proceedings, being purely statutory, cannot be extended to cases not enumerated in the statute, and courts have no right to enlarge the remedy or hold under it property not made subject to the process." *Weston* v. *Beverly,* 10 *Ga. App.* 261 (73 S. E. 404). The issue on the traverse of a garnishee's answer is indebtedness of the garnishee to the defendant. "A plaintiff by garnishment cannot place himself in a superior position as regards a recovery than is occupied by the principal defendant. The garnishee's liability is measured by his responsibility and relation to the defendant." *Butler* v. *Billups,* 101 *Ga.* 103 (28 S. E. 615); *Tim.* v. *Franklin,* 87 *Ga.* 95 (13 S. E. 259); *Bates* v. *Forsyth,* 69 *Ga.* 365. "If the defendant himself, suing the garnishee, could not get a judgment against him, the garnishing plaintiff cannot get a judgment against the garnishee. The creditor may stand in his debtor's shoes by means of garnishment, but he gains no additional privileges." *Singer Sewing Machine Co.* v. *Southern Grocery Co.,* 2 *Ga. App.* 545 (1), 548 (59 S. E. 473). This rule, under the decisions, seems subject only to the exception that, where the garnishee is in possession of effects of the defendant under a transaction fraudulent as to his creditors, a creditor of the defendant may subject them to garnishment, even though the defendant himself might not recover or maintain an action against the garnishee. *Jaques & Tinsley Co.* v. *Carstarphen Warehouse Co.,* 131 *Ga.* 1, 2 (62 S. E. 82).

(*b*)· Where, therefore, a plaintiff in garnishment in a city court would not be entitled to recover against the garnishee, under his traverse of the garnishee's answer, except by the application of a purely equitable rule applicable only in equitable proceedings or money rules, the plaintiff cannot prevail. The cases of *Wilkins* v. *Gibson, Thrash* v. *Harman,* and *Wright* v. *Brown,* supra, cited by the learned judge of the superior court in the opinion supporting his judgment, as well as the cases upon which the rule in the *Wilkins* case is planted, viz. *Dawson* v. *Equitable Mtge. Co.,* 109 *Ga.* 389 (34 S. E. 668), and *Ford* v. *Holloway,* 112 *Ga.* 851 (38 S. E. 373), are distinguishable from this case, in that none of those cases was a garnishment case, but the three Supreme Court authorities involved equitable pleadings and proceedings pending in superior courts, and the two Court of Appeals authori-

ties dealt with cases which, while pending in city courts, were money rules.

The *Wilkins* case is further differentiated from the instant case in that in the former no assignment of the rents in question to a creditor, such as here claimed, was involved, but the question arose in an equitable proceeding involving the distribution of rents collected by one who was administrator of the land in question, and as to an accounting for such rents with a creditor firm, of which such administrator was a member, and to which such rents had been paid. It was also in that case apparently recognized that, while such creditor firm, in possession under a security deed from the debtor, would under an equitable rule be accountable to the plaintiff creditor, as holder of a senior security deed, for the rents collected by the firm or by the administrator member (because of the depreciation in value of the security and the insolvency of the debtor's estate), nevertheless such liability would be only "for whatever amount they had realized from this source over and above the amount necessary to pay their debt." (113 *Ga.,* p. 57.)

3. "Where, under a contract for the sale of land, the vendor executes to the vendee the usual bond for titles, and delivers to him the possession of the premises, even if the latter fail to pay the purchase-money at maturity, he may nevertheless retain possession, either by himself or his tenant, until such time as he shall be legally evicted therefrom by the vendor; and the tenant who enters under the vendee cannot, without first surrendering his possession to the latter, attorn to the vendor upon any supposed right of the latter, without the consent of the vendee to rescind the contract of sale." *Broxton* v. *Ennis,* 96 *Ga.* 792 (1, 2) (22 S. E. 945) ; *Guin* v. *Hilton Dodge Lumber Co.,* 6 *Ga. App.* 484, 486, 488 (65 S. E. 330) ; *Scott* v. *Ward,* 23 *Ga. App.* 416, 420 (98 S. E. 412). The right of the vendee to hold and control the possession, with the incident rents, is analogous to that of the grantor, retaining possession under his equity of redemption, as against the grantee in a security deed. See *Slevens* v. *Worrill,* 137 *Ga.* 255, 257 (73 S. E. 366) ; *Stevens* v. *McCurdy,* 124 *Ga.* 456, 458 (52 S. E. 762) ; *Polhill* v. *Brown,* 84 *Ga.* 338 (10 S. E. 921). Such a bond for title is assignable either absolutely or as collateral. Where the assignment is absolute, the assignee acquires all the rights and equities to which the assignor was entitled thereunder.

*Walker* v. *Maddox*, 105 *Ga*. 253 (2) (31 S. E. 165); *Robinson* v. *Perry*, 21 *Ga*. 183, 186 (68 Am. D. 455); *Perry* v. *Paschal*, 103 *Ga*. 134 (1, 2), 140 (29 S. E. 703). Where the bond is assigned merely as security for the payment of money, the assignee takes what amounts to an equitable mortgage on the assignor's equitable title. 39 Cyc. 1673. But such an assignee would not, merely by virtue of such an assignment, be entitled to the rents and profits from a tenant who occupied the premises.

(*a*) The obligee in possession under a bond for title is entitled to lease the premises and to receive the profits therefrom (27 Cyc. 1244, 1245), which rents, accruing during such lawful possession, are themselves subject to his disposal by valid assignment. See *Vason* v. *Ball*, 56 *Ga*. 269, 270. Rent is personalty. *Autrey* v. *Autrey*, 94 *Ga*. 579 (20 S. E. 431). "Personalty to which the owner has a right of possession in future . . is a chose in action" (Civil Code of 1910, § 3648); and the claim of a landlord for rents is on the same basis as any other chose in action. 16 R. C. L. 914, § 421. The holder of a bond for title, lawfully in possession of property thereunder, may therefore, without transferring the bond itself, assign to another such right of possession, with the right to lease the premises to a tenant and receive the rents until the obligee's possession is terminated by the vendor's action of ejectment or by a levy of his claim after reduction to judgment in the manner prescribed by the statutes. Where such an assignment of the rents and profits is inoperative as a good assignment in law, it may nevertheless, in a proper case, take effect as a good equitable assignment.

(*b*) "Under our Code [of 1882], § 2244 [Civil Code of 1910, § 3653], all choses in action are assignable, but as construed by the decisions . . the assignment must not rest in parol but must be in writing." *Hartford Fire Ins. Co.* v. *Amos*, 98 *Ga*. 533, 534 (25 S. E. 575); *Foster* v. *Sutlive*, 110 *Ga*. 297 (34 S. E. 1037). The writing is what renders it an assignment in law. The purpose of a written assignment, however, is primarily to vest legal title in the holder of the chose in action, in order that he may have a right of action thereon in his own name; and one who takes a chose in action by an oral assignment under facts and circumstances rendering it valid as an equitable transfer has none the less the rights of an equitable owner, who may file a claim

although not entitled to sue in a direct action in his own name. *Benson* v. *Abbott*, 95 *Ga.* 69, 72 (22 S. E. 127) ; *Fla. Coca-Cola Bottling Co.* v. *Ricker*, 136 *Ga.* 411, 417 (71 S. E. 734) ; *May* v. *McCarly*, 11 *Ga. App.* 454 (1), 455 (75 S. E. 672) ; *Whitten* v. *Little*, 2 *Ga. Dec.* 99 ; *Simms* v. *Lide*, 94 *Ga.* 553, 555 (21 S. E. 220). Thus, "the real owner of a fund deriving his title through an *equitable* assignment, may assert his right thereto by claim under § 3541 of the Code [of 1882 ; § 5282 of the Civil Code of 1910] against an attaching creditor of the assignor whose attachment has been served by summons of garnishment." In such a case the debtor is "to be treated as holding such title as he had in trust for the real owner, and not for the benefit of himself or of his own creditors." *Haas* v. *Old Nat. Bank*, 91 *Ga.* 307 (2), 313 (18 S. E. 188). Accordingly, if a valid equitable assignment "be made before the service of a summons of garnishment upon the drawee, the garnishing creditor will be postponed to the assignee, and this is true whether the garnishee had or had not been notified of the assignment." *Walton* v. *Horkan*, 112 *Ga.* 814 (2), 816 (38 S. E. 105, 81 Am. St. R. 77), citing and quoting with approval the rule stated in 14 Am. & Eng. Enc. L. (2d ed.), 857-859, as follows : "As a general rule the plaintiff in garnishment proceedings stands in no better position than the defendant does with respect to the indebtedness sought to be reached by the process of garnishment, and the process of garnishment will not hold anything which is not legally and equitably the property of the principal defendant ; and therefore it is universally held that an assignment by the defendant of the claim due to him, irrespectively of whether the assignment is equitable or legal, will take precedence of a subsequent writ of garnishment served upon the debtor at the suit of creditors of the assignor, provided the assignment was in good faith and for a *valuable consideration* [italics ours]. . . The rule that a prior assignment will take precedence of a subsequent garnishment served on the debtor at the suit of creditors of the assignor applies with equal force where the chose in action is assigned as security, as if the assignment were absolute and the assignor had parted with all his interest, both legal and equitable, in the thing assigned." An actual valuable consideration must, however, be shown. *Jones* v. *Glover*, 93 *Ga.* 484, 486, 487 (21 S. E. 50) ; 5 C. J. 931, 910.

(*c*) Thus, while in a garnishment proceeding legal and not merely equitable principles must be applied, a valid equitable assignment of a chose in action made prior to the service in garnishment will support a claim by the assignee thereof. The question in the instant case which has given the writer considerable difficulty is whether the prior oral equitable assignment of the rents is to be taken as founded on such a valuable consideration as will support the transfer against the rights of the garnishing creditor. While it is true that "the holder of a note as collateral security for a debt stands upon the same footing as the purchaser" (Civil Code of 1910, § 4289), and is to be treated as "a bona fide holder" for a valuable consideration (Civil Code, § 3529), and that "one who takes a negotiable instrument as collateral security for a pre-existing debt is the purchaser thereof within the purview of the foregoing rule" (*Walden* v. *Downing Co.,* 4 *Ga. App.* 534 (3), 61 S. E. 1127; *Harrell* v. *Nat. Bank of Commerce,* 128 *Ga.* 504 (2), 507, 57 S. E. 869; *Lee* v. *Johnson,* 110 *Ga.* 286, 34 S. E. 568; *Kaiser* v. *U. S. Nat. Bank,* 99 *Ga.* 258 (2), 25 S. E. 620; *Gibson* v. *Conner,* 3 *Ga.* 47, 48, 52) ; and while it is true, with reference to the transfer of choses in action other than promissory notes, that "the *surrender and satisfaction* [italics ours] of an existing debt, if done bona fide, operates as a present consideration" (*Agee* v. *Rhodes,* 20 *Ga. App.* 117 (2), 92 S. E. 771), and that the transferee of collateral other than negotiable instruments made simultaneously with the pledge, "receiving the same as collateral to secure a bona fide loan," will "stand in the same position as a bona fide purchaser for value" of such pledge (*Elder* v. *First Nat. Bank of Jefferson,* 29 *Ga. App.* 455, 456 (2), 115 S. E. 922; *Bank of Sparta* v. *Butts,* 4 *Ga. App.* 308, 61 S. E. 298; *Farmers Bank* v. *Hamilton,* 30 *Ga. App.* 194 (2), 117 S. E. 287), it is nevertheless true that the presumption as to the existence of a valuable consideration when negotiable promissory notes are assigned to secure a past indebtedness is based upon a construction of the negotiable instrument statutes, and is said "to rest largely on commercial necessity;" and a distinction between promissory notes and other conveyances or transfers of choses in action as security is recognized by the courts. *Sutton* v. *Ford,* 144 *Ga.* 587 (5), 594 (87 S. E. 799, L. R. A. 1918D, 561, Ann. Cas. 1918A, 106). "One who takes from his debtor" a conveyance or other transfer "for the

purpose of securing a pre-existing debt, without any change in condition or present payment or other new consideration, does not rank as a purchaser" for a valuable consideration, unless the existing debt is thereby surrendered and satisfied. *Harris* v. *Evans,* 134 *Ga.* 161 (3, 4) (67 S. E. 880) ; *Mize* v. *Bank of Whigham,* 138 *Ga.* 499, 503 (75 S. E. 629). Where, therefore, a claimant in garnishment relies upon what amounts to a mere equitable assignment of rents, transferred as collateral security for a pre-existing debt, such existing debt will not of itself afford any presumption as to a valuable consideration supporting the assignment, but the burden is upon the assignee to show some valuable consideration to support the transfer. *Jones* v. *Glover,* 93 *Ga.* 484, 486, 487 (21 S. E. 50) ; 5 C. J. 931, 932, § 92. We have reached the conclusion that the record in the instant case discloses a valid consideration for the transfer. Not only was Few, the assignee of the right of possession of the property, put into actual possession of the premises, but he was given the right and authority to contract for its rental by securing a tenant; and the record shows that this he actually did,—that the tenant, whose rents constitute the subject-matter of the present controversy, was secured by a contract made through the efforts of the assignee, Few, while in possession under the executed transfer. These facts we think are such as to render the transfer good as an equitable assignment, and to differentiate it from what would be the rule were the assignee relying upon a mere oral assignment of rents and profits to secure a past indebtedness, unaccompanied by actual possession of the premises, and the subsequent labor expended by the assignee in bringing into existence the fund in dispute.

4. In the instant case the record shows that the defendant in fi. fa. had gone into possession of a house and lot under a bond for title executed January 5, 1920, and that on December 1, 1920, prior to the maturity of the three purchase-money notes falling due January 1, 1921, 1922, and 1923, the defendant vendee had transferred to the claimant his bond for title by a written assignment on the back "as collateral security" for a $3,000 note of that date, due January 1, 1922. Under the rule stated in the third division of the opinion, such assignment of the bond for title merely as collateral security did not entitle the assignee claimant to the rents and profits arising from the premises. The

record further discloses that, as the purchase-money became due, the plaintiff vendor obtained general judgments thereon against the defendant vendee, and special judgments against the property, but that no levy was made under them; that some time prior to the garnishment, but apparently after the assignment of the bond for title to the claimant, the defendant vendee told the claimant that he could take charge of the property, rent it, and apply the rents upon the old indebtedness for which the bond for title had been previously assigned as collateral, and delivered to the claimant the keys of the house; that under this authority the claimant, Few, took possession of the premises, and by a contract of rental made with Walker caused the fund now in dispute to arise. Applying merely the statutory legal rules pertaining to garnishments, but giving effect to such valid equitable assignment of the rents, the rights of the claimant to the fund thus assigned to him and accruing prior to the service of the garnishment proceeding should have been sustained.

*Judgment reversed. Stephens and Bell, JJ., concur.*

### ON REHEARING.

JENKINS, P. J.   This case was determined by the judge of the superior court on the theory that the defendant in error, Mrs. Pou, was equitably entitled to the rents and profits of the land conveyed by her under bond for title, and it consequently does not appear that the validity of the alleged previous oral transfer of the rents and profits by Smith to Few was considered by him to be the controlling factor.   As set forth under the second division of the syllabus, this court does not think that this equitable principle has application in a garnishment of this character; and in writing the original opinion the determining factor as viewed by this court was the validity and priority of the alleged oral transfer of the rents by Smith to Few.   Under the particular facts of the case, there were many and varied phases argued in briefs of counsel, and this court failed to take cognizance of one of the contentions referred to but not elaborated in briefs of counsel for defendant in error, to the effect that the trial court erred in receiving, over his motion to exclude, the oral testimony relating to the parol assignment of the rents by Smith to Few, under his contention that the evidence disclosed that whatever trade was made between the parties had been reduced to writing, that the

writing had not been lost, and "was the highest evidence of its contents and of just what the trade was." It appears from the record that upon the trial of the case it developed in the cross-examination of Few, the assignee of the rents, that after the parol assignment to him he requested his attorney to write to Smith, the assignor, for an order to the tenant to pay the rents to him, the assignee, and that such a letter was in fact written, and was in Few's possession "somewhere," but not in court. Upon such disclosure being made, counsel for Mrs. Pou moved to exclude all the testimony relating to the previous oral assignment. It will be observed that all that the testimony with reference to the letter showed was that the tenant was authorized to pay over the rents to Few. There is nothing in the testimony to indicate that the letter purported to be an assignment, or contained any term or provision agreed upon between the parties, such as had already been made by parol, or that it contained any term or provision contradictory of such previous valid agreement. So far as we can judge, it appears to have been merely in the nature of a notice for the benefit of the tenant and for the purpose of relieving him of any hesitancy which he might have felt in complying with the previous valid oral assignment. Under the law this notice to the tenant garnishee was not necessary, and it does not appear from anything in the record that the letter was in fact written prior to the garnishment. See *Walton* v. *Horkan,* 112 *Ga.* 814 (1, 2, 7), 816, 817 (38 S. E. 105, 81 Am. St. R. 77). It is true that, if the record showed that the letter referred to constituted the basis of Few's claim, and constituted the assignment made before the garnishment, upon which he relied, the letter itself would have to be looked to for the terms of the agreement as therein contained. *Gilmore* v. *Bangs,* 55 *Ga.* 403 (1), 405; *Dawson* v. *Callaway,* 18 *Ga.* 573, 580; *Thompson* v. *Mapp,* 6 *Ga.* 260 (3), 263; *Barnes* v. *Shinholster,* 14 *Ga.* 131 (1), 133, 134. But this principle does not appear to be controlling where, as here, the record indicates that the assignee, Few, does not base his claim upon any assignment alleged to have been made by the letter, and does not even show that the letter was written prior to the garnishment, but that the assignee in fact bases his claim upon the previous valid oral assignment, in the execution of which the subsequent letter

was written merely as an additional assurance to the tenant in possession.

Judgment adhered to. *Stephens and Bell, JJ., concur.*