19019. GLOVER GROCERY COMPANY *v.* LIVINGSTON.

STEPHENS, J. 1. An equitable assignment of a fund gives to the assignee such a right, title, and interest in the fund as will support a claim to the fund when caught by garnishment in a suit against the assignor. *Few* v. *Pou*, 32 *Ga. App.* 620 (124 S. E. 372).

2. Where a husband orally agrees with his wife to allow her "all the benefits arising" from a designated life-insurance policy upon the life of the husband, and the wife, in consideration of this agreement, afterwards pays the premiums upon the policy and also the living expenses of herself and the husband and other obligations of the husband, and where the husband from time to time transfers and passes over to the wife the payments made to him by the insurance company representing returned premiums and disability benefits accruing to the husband under a disability clause in the policy, the inference is authorized that, in consideration of the payments actually made by the wife and applied to the premiums on the policy and to the living expenses and other obligations of the husband, all the benefits accruing under the policy, including not only those actually received by the wife with the consent of the husband, but any other benefits then due or afterwards accruing to the husband consisting of returned premiums and payments for disability under the disability clause in the policy, were by the husband equitably assigned to the wife. *Jones* v. *Glover*, 93 *Ga.* 484 (21 S. E. 50). Where the wife intervened and filed a claim to the fund in a suit in garnishment against the husband as the defendant and an insurance company as garnishee, the trial judge, in passing upon questions both of law and of fact, did not err in awarding the fund to the claimant.

*Judgment affirmed.* *Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 6, 1929.

*W. W. Dykes,* for plaintiff. *J. A. Hixon, R. L. Le Sueur,* for defendant.