28756. SMITH *v.* C. I. T. CORPORATION *et al.*

DECIDED MARCH 11, 1941.

482

*Maddox & Griffin*, for plaintiff in error.

*Wright & Willingham, Leon & Dean Covington*, contra.

FELTON, J. (After stating the foregoing facts.) 1. It would seem that when the C. I. T. Corporation unqualifiedly and without reservation, in the absence of fraud or mistake, resold the contract to the W. L. Andrews Motor Company, it had no further interest in the contract. Whether the purchase of the car at a short-order sale is such a repossession of the car as to require the motor company to repurchase the contract under its repurchase agreement with C. I. T. Corporation will not now be passed on, as the terms of the repurchase agreement do not appear.

The petition did not allege insolvency of Smith, or any other fact which would give equity jurisdiction of the subject-matter. The petition was merely an effort to foreclose as a mortgage a retention-of-title contract under the proceedings of a money rule against the sheriff. There was no foreclosure of the contract at law, and no execution was placed in the sheriff's hands. An unforeclosed retention-of-title contract, to all intents and purposes, so far as foreclosure and enforcement against the property or maker are concerned, is the same as an unforeclosed mortgage; and it has repeatedly been held that an unforeclosed mortgage can not, in a court of law, claim money which is in court for distribution. *Thornton* v. *Wilson*, 55 *Ga.* 607; *Baker* v. *Gladden*, 72 *Ga.*

469; *Ennis* v. *Harralson,* 101 *Ga.* 282 (2) (28 S. E. 839); *National Bank of Athens* v. *Exchange Bank,* 110 *Ga.* 692 (36 S. E. 265); *DeVaughn* v. *Byrom,* 110 *Ga.* 904 (36 S. E. 267). The fact that equitable principles apply in money-rule proceedings does not mean that in a court of law one may "hurdle" a jurisdictional requirement. A court of law cannot have jurisdiction to decide the equities between liens until it first has the liens themselves, in the forms of executions, in the sheriff's hands. In this case the attempt is made to circumvent that requirement. Only a court of equity can do that, and there must exist some extraordinary reason for it. All of the Supreme Court cases cited by the defendant in error were cases in equity. If there is anything contrary to the above decisions in *Wright* v. *Brown,* 7 *Ga. App.* 389 (66 S. E. 1034), and *Thrash* v. *Harman,* 21 *Ga. App.* 98 (94 S. E. 54), they must yield to the controlling authority. Under the above rulings it was error to order the sheriff to pay the money in his hands to the C. I. T. Corporation.

*Judgment reversed. Stephens, P. J., concurs specially. Sutton, J., dissents.*

STEPHENS, P. J. I concur in the judgment of reversal and in Judge Felton's opinion, not only on the grounds stated by him, but on the further grounds, as follows: This is not a suit by the seller against the purchaser to recover under the contract of sale, although the petition purports to allege a breach of the contract by the purchaser and an indebtedness by him under the contract. This is a suit by the seller against the sheriff only, and is in the nature of a money rule in which the plaintiff does not seek any judgment against the sheriff, but asks only that the sheriff be directed to pay to the plaintiff the proceeds of the automobile which had come into the sheriff's hands by virtue of a sale by him under a "short order" pursuant to the Code, § 107-204, in a trover suit for the automobile which had been brought by the plaintiff as seller against the purchaser. In the trover suit the plaintiff failed to prevail, and a verdict and judgment for the defendant were rendered. See the report of this case in 61 *Ga. App.* 882 (8 S. E. 2d, 402), where this judgment was affirmed by this court. In the present suit the purchaser is not a party defendant. He appears only as a claimant to the fund in the hands of the sheriff, derived from the sale of the automobile pursuant to

the trover suit. There has been no adjudication in the trover suit that either the automobile or the fund derived from the sale thereof in the hands of the sheriff belongs to the plaintiff. In so far as it appears from the trover proceeding, it has been adjudicated that the plaintiff is not entitled to the automobile or to the fund derived from its sale by the sheriff. Therefore, the plaintiff, in so far as his rights may have been determined in the trover suit, is not entitled to the fund. It is only upon an adjudication of the rights of the parties in the proceedings under which the sheriff obtained the fund that the rights of the parties to the fund can be determined in this proceeding for a rule against the sheriff for the direction of a distribution of the fund.

Assuming that under the pleadings and the evidence it appears that the purchaser had breached the contract of sale and was indebted to the seller in an amount equal to the amount of the fund in the hands of the sheriff, can the present proceedings, with the seller and the purchaser and the sheriff as parties, be treated as a suit by the seller against the purchaser to recover for a breach of the contract, in which the sheriff stands in the nature of an interpleader? The plaintiff seller prays for no relief against the purchaser. It prays for no judgment against the purchaser under the contract. The plaintiff prays only that the fund in the hands of the sheriff be paid to the plaintiff. The purchaser was not made a defendant, but by way of intervention filed a claim to the fund, and, by answering the other allegations of the plaintiff, denied that the plaintiff had any right to recover under the contract. The only judgment rendered in the case was one in favor of the plaintiff, the seller, directing that the money in the hands of the sheriff be paid to the plaintiff. This judgment reads as follows: "After the introduction of evidence it is ordered and adjudged that the fund in the hands of the sheriff is the right and property of the C. I. T. Corporation, and the sheriff is ordered to pay the same over to it." Other than this judgment there is no judgment whatsoever against the purchaser adjudicating any indebtedness by him to the plaintiff seller under the contract. No judgment in personam was rendered against the sheriff. The only judgment rendered is an adjudication as to the title to the fund in the hands of the sheriff. This judgment amounts to no judgment against the purchaser, except so far as it is a judgment disallowing the

purchaser's claim to the fund. It is not a judgment finding for the seller against the purchaser, adjudicating an indebtedness by the purchaser to the seller. The judgment rendered can be construed only as a judgment disposing of the fund in the hands of the sheriff, derived by him from the sale of the property pursuant to the suit in trover, which had been filed by the seller against the purchaser, and in which it was adjudicated that the plaintiff seller had no right to prevail. The judgment is based upon a determination only as to the rights of any party to the fund by virtue of the adjudication in the trover suit. The court erred in awarding the fund to the seller.

SUTTON, J., dissenting. Under the provisions of the conditional bill of sale, the title to the automobile was retained in the seller until all of the purchase-money was paid. It was further provided in the bill of sale that in case of default in the payment of any instalment, or the failure of the purchaser to perform any of his obligations under the contract, the seller might, with or without legal process, retake possession of the automobile, and credit the value thereof against the purchase-price, or sell the property at public or private sale and apply the proceeds on the indebtedness. It is admitted by the parties that the money in the hands of the sheriff stands in the place of the automobile, it having been sold under a short-order sale during the pendency of the trover proceeding. With all of the instalments due under the conditional bill of sale, the owner of such paper would have had the right to recover the automobile in a proper legal proceeding, or could have taken possession of it without a legal proceeding under the terms of the contract. I am fully aware of the general rule that a mortgage must be foreclosed before the holder thereof can properly file a claim to money in the hands of an officer in a money-rule proceeding; but I am of the opinion that this rule is not applicable under the facts of the present case, where the title to the property was in the C. I. T. Corporation under the terms of the bill of sale and it had the right under the contract to the automobile. All of the balance of the purchase-money for the automobile under the bill of sale, $470, was due when the C. I. T. Corporation filed the petition in the present case against the sheriff, asking that the proceeds derived from the sale of the automobile be awarded to it. W. O. Smith, the purchaser under the bill of sale, came into court

and filed an answer in which he asked that the money be turned over to him. This proceeding was in the nature of a money rule, and equitable principles are applicable to such proceeding. Both parties are claiming the money in the hands of the sheriff, and their respective rights, if any, to this fund can be determined in such proceeding.

In *Wright* v. *Brown,* 7 *Ga. App.* 389 (3) (66 S. E. 1034), it was held: "If the title to the property sold as the property of the defendant in attachment be in a third person by reason of his having reserved it in writing as security for the purchase-money, that third person may waive his right to follow the property and recover it from the purchaser at the sale, and in that event can, on money rule, have the proceeds of the sale applied upon his debt; and this is true notwithstanding he gave public notice on the day of the sale that whoever bought would buy subject to his title." See *Thrash* v. *Harman,* 21 *Ga. App.* 98 (94 S. E. 54), holding, as in the *Wright* case, that a money rule is in the nature of an equitable proceeding. In *Browder* v. *Blake,* 135 *Ga.* 71 (68 S. E. 837), a firm bought certain mules, and gave to the vendors a purchase-money note in which it was provided that the title should remain in the latter until payment. This was duly attested and recorded. Later, common-law judgments were obtained against the purchasers, and the executions issued on them were levied on the mules. None of the purchase-money had been paid. The vendors attempted to foreclose their note by affidavit, as in the case of a chattel mortgage or bill of sale given as security for a debt not exceeding $100, and placed in the hands of the sheriff the execution issued upon such foreclosure, in order that they might claim the fund arising from the sale. The mules brought their full value at the sale under the common-law executions. The debtors were insolvent. One of the holders of the note containing the provision for the retention of title was present at the sale, and bid thereat, and bought one or more of the mules. A money rule was brought to distribute the fund arising from the sale. It was held that although the note could not be foreclosed by affidavit, like a chattel mortgage, yet on a rule to distribute money equitable principles are applied, and that under the facts stated there was no error in ordering the proceeds of the sale to be paid to the vendors.

Where it appeared from the evidence in the present case that the balance due on the purchase-price of the automobile under the bill of sale amounted to more than the fund in the hands of the sheriff, which had been derived from the sale of the automobile on the short order, under the facts of this case, with both parties before the court, and equitable principles being applicable thereto, I think the court was authorized to adjudicate that the C. I. T. Corporation was entitled to the fund in the hands of the sheriff, and to so award it.