49442. EMPIRE BANKING COMPANY v. MARTIN.

SUBMITTED MAY 28, 1974 — DECIDED
OCTOBER 22, 1974.

*Kopp, Peavy & Conner, John G. Kopp,* for appellant.

*Brooks Blitch, Blackburn & Bright, J. Converse Bright,* for appellee.

QUILLIAN, Judge.

The appellant contends that the only action that could be brought under the circumstances of this case was an equitable action alleging that the debtor is insolvent, the plaintiff is without adequate remedy at law, and that it would be necessary to make the debtor a party to such action. It is therefore argued that since the debtor was not made a party and that the plaintiff did not pray for equitable relief the claim should be dismissed on motion brought by the appellant.

In support of the arguments made, appellant cites the following authority. In *Baker & Hall v. Gladden,* 72 Ga. 469, it was held: "The holder of an unforeclosed mortgage cannot claim at law the balance of a fund arising from the sale of the property covered by the mortgage, after paying the judgment under which it was sold, and which was older than the mortgage, but he can make such a claim in equity, and this could be done on a money rule, with proper allegations, showing the insolvency of the debtor and that the mortgage creditor would be without remedy, unless such fund were awarded to him." *Smith v. C. I. T. Corp.,* 64 Ga. App. 481, 483 (13 SE2d 731), is authority for the proposition that: "A court of law cannot have jurisdiction to decide the equities between liens until it first has the liens themselves, in the forms of executions, in the sheriff's hands. In this case the attempt is made to circumvent that requirement. Only a court of equity can do that, and there must exist some extraordinary reason for it." See also *Coweta Fertilizer Co. v. Kiser Co.,* 33 Ga. App. 278 (125 SE 793); *Thornton v. Wilson,* 55 Ga. 607; *Ennis v. Harralson Bros. & Co.,* 101 Ga. 282 (28 SE 839).

For the purposes of this appeal, we assume but do not decide that the rationale of the cases cited by the appellant with regard to a mortgage would be applicable to a deed to secure debt as in this case. See, however, *Columbus Plumbing &c. Co. v. Home Federal &c. Assn.,* 104 Ga. App. 36, 38 (121 SE2d 62); 216 Ga. 706 (119 SE2d 118), where it was pointed out that the aid of a court of equity need not always be invoked.

Assuming arguendo that the debtor was an indispensable party to this action, Section 41 of the Civil

Practice Act (Code Ann. § 81A-141; Ga. L. 1966, pp. 609, 653) provides that a dismissal for "lack of an indispensable party" does not operate as an adjudication upon the merits. In discussing Section 19 of the Federal Rules of Civil Procedure (which Georgia's CPA § 19 as amended Ga. L. 1972, pp. 689, 694 copies) 3A Moore's Federal Practice 2212, § 19.05 [2] points out: "If the indispensable party can be joined, the court should ordinarily permit the joinder and not dismiss the action." The Georgia Supreme Court followed this principle as to CPA § 19 prior to the 1972 Amendment (*Smith v. Merchants & Farmers Bank,* 226 Ga. 715 (3) (177 SE2d 249); *King v. King,* 228 Ga. 818, 819 (188 SE2d 502)) and held that when not specifically raised the failure to name an indispensable party would not subject a claim to a motion to dismiss. Section 12 of the Civil Practice Act (Code Ann. § 81A-112 (b) (7); Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693) now requires that defense of failure to join a party under Section 19 must be asserted either in the responsive pleading or by motion in writing. Hence, while the failure to name one as a party might be the basis for corrective action as prescribed in CPA § 19, it is not cause for dismissal of the complaint under the ground of "failure . . . to state a claim upon which relief can be granted."

Section 54 (c) of the Civil Practice Act provides: "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings; but the court shall not give the successful party relief, though he may be entitled to it, where the propriety of such relief was not litigated and the opposing party had no opportunity to assert defenses to such relief." Code Ann. § 81A-154 (c) (Ga. L. 1966, pp. 609, 658). The cases dealing with this provision have pointed out that a trial judge may grant relief although it was not specifically prayed for. See *Ward v. National Dairy Products Corp.,* 224 Ga. 241, 244 (161 SE2d 305); *DeKalb County v. Ga. Paperstock Co.,* 226 Ga. 369, 374 (174 SE2d 884).

The "prayer for relief constitutes no part of the pleader's cause of action; a pleading should not be dismissed for legal insufficiency unless it appears to a certainty that the claimant is entitled to no relief, legal [or] equitable . . . under any state of facts which could be proved in support of the claim." 6 Moore's Federal Practice 1212, Judgments, § 54.60. See *Kinzy v. Waddell,* 203 Ga. 689, 692 (47 SE2d 872); *Mitchell v. City of Atlanta,* 217 Ga. 202, 205 (121 SE2d 764) (decided prior to the Civil Practice Act). As further pointed out in Moore's: "If a party is entitled to any relief under the facts as established by the pleadings or proof, the claim will not be dismissed simply because complainant has erred as to legal theory and is not entitled to the relief prayed for." P. 1264, § 54.62.

The instant complaint, while not specifically asking for a money rule or any particular equitable relief, does not disclose that the plaintiff would not be entitled to any relief. Hence, the trial judge did not err in refusing to sustain the appellant's motion to dismiss the complaint.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*